Ruby FLOWERS, et al.,
Plaintiffs-Appellees,

v.

Ruth M. WILEY, Grayson County Tax
Assessor Collector, et al.,
Defendants-Appellants.

No. 81–2053.

United States Court of Appeals,
Fifth Circuit.

May 12, 1982.

Mark White, Atty. Gen., Richard L. Arnett, Laura Martin, Asst. Attys. Gen., Austin, Tex., for White & Hill.

Clinton & Richards, David R. Richards, Austin, Tex., Mexican American Legal Defense & Educational Fund, Joaquin G. Avila, Jose Garza, San Antonio, Tex., for plaintiffs-appellees.

Before COLEMAN, POLITZ and GARWOOD, Circuit Judges.

COLEMAN, Circuit Judge.

The merits of this voting rights lawsuit are no longer in issue. The parties are arguing about the appropriate compensation for the attorneys who represented the prevailing plaintiffs. The District Court directed the defendants to pay the Mexican-American Legal Defense and Educational Fund (MALDEF) $29,959.00 in attorneys'

fees and $971.69 in expenses. The defendants were also ordered to pay David Richards $11,700.00 as attorneys' fees. For the reasons hereinafter appearing we modify the judgment of the District Court and, as modified, we affirm.

Since 1974 the standard in this Circuit for the computation of attorneys' fees to be allowed prevailing parties where such fees are authorized by law has been clearly defined. Litigation on the subject has stamped down a clearly defined trail which no party or litigant should have any difficulty following. They need only consult *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir., 1974) and the numerous cases which have firmly followed the directions there set out.

We also direct the attention of the parties to our recent case of *Corpus v. Estelle*, 605 F.2d 175, 180 (5th Cir., 1979), a Texas suit brought in behalf of inmates of the Texas Department of Corrections. Principal counsel was allowed $90 per hour for trial and immediate trial preparation time, with $75 an hour for other services, and other counsel, in view of her experience and the degree of her trial participation, was allowed $35 an hour for trial and $25 an hour for other services. Also, in that case we declined to address issues not raised in the District Court.

We proceed to dispose of this case in keeping with those principles.

What it all comes down to, with deference, is that no "across the board" hourly fee of $150 an hour should have been allowed all of the attorneys in this case, which was done without regard to experience and qualifications, the nature of the professional activity, or the particular contribution to the success of the lawsuit. Moreover, there should have been no compensation for hours spent in duplicative activity or spent in the passive role of an observer while other attorneys performed. Finally, where enhancement for contingency was justified it should not have been set at fifty percent of the base rate.

The District Court stated that the attorneys for the plaintiffs were acknowledged experts in the field of voting rights, that they had disclosed their expertise throughout the conduct of the litigation. As to Attorney Richards this was clearly correct since he had been practicing law for eighteen years, with wide experience in litigation of this type. The record shows, however, that Mr. Korbel had been practicing for seven years, that Mr. Kauffman had been practicing for two years, while Ms. Hanten, who worked exclusively on the attorneys' fees portion of the case, had practiced only for the same length of time. Mr. Alvia worked only on the fee application but the record shows that he was experienced in the Civil Rights field.

An attorney from Dallas, Texas testified as an expert on customary fees. He stated that his firm charged *as much* as $100 per hour for some *labor representation* and as little as $40 an hour for individual representation. The only evidence as to what would amount to a reasonable fee in a case such as we now have before us appears in the affidavit of Mr. Richards, who said that he had been awarded $75–$80 per hour in another case which he believed to be less complex than this one. He thought $100 per hour would be appropriate.

Mr. Richards testified by affidavit that the acceptance of employment in this case had not precluded other employment and that this was not an undesirable case.

The District Court concluded that the attorneys were involved in a novel case since this was the first case concerning the extension of the Voting Rights Act (42 U.S.C., Section 1973) to the State of Texas and that the legal issues were difficult. The litigation involved the validity of Texas Senate Bill 300 which had ordered a statewide reregistration of all voters in the state. The plaintiffs had stated in their original trial brief that the substantive issue concerning the effect of Bill 300 was solely within the province of the District of Columbia district court or the Attorney General of the United States, which was undoubtedly correct. The issue in our Three-Judge District Court

was whether Bill 300 was subject to preclearance under Section 5 of the Voting Rights Act and, if so, whether an injunction should issue preventing its implementation until it was precleared. This was an issue on which it is hardly conceivable that the plaintiffs could possibly lose.

## THE TIME CLAIMED

The respective attorneys claimed compensation for the following hours:

### On the Merits

| | |
|---|---|
| Mr. Richards, | 70 hours. |
| Mr. Korbel, | 122.5 hours. |
| Mr. Kauffman, | 58 hours. |

### On the Fee Application

| | |
|---|---|
| Mr. Richards, | 12 hours. |
| Mr. Kauffman, | 3 hours. |
| Ms. Hanten, | 12 hours. |
| Mr. Avila, | 13.8 hours. |

### Expenses

MALDEF, $971.69 – $386.84 for travel and $474.85 for a court reporter.

Since Mr. Richards was the principal attorney his time is not disputed.

The defendants-appellants strongly contend that the 180.5 hours claimed by Messrs. Korbel and Kauffman is highly excessive as this amounted to 4½ weeks of full time effort on a relatively simple case. Appellees respond that this time was not challenged in the District Court and is raised for the first time on appeal. That being so, we make no effort to review or revise the total hours allowable on the merits, *except as to what now appears.*

Mr. Kauffman claimed fourteen hours for preparation of exhibits for the hearing on the temporary restraining order and Korbel claimed eight hours for *the same* exhibit. The eight exhibits offered included two letters, three documents, one certificate of notification, and two publications from the Federal Register. The hours were awarded

for preparation of exhibits for the November 25, 1975 hearing. Appellees claim these hours were justified in the preparation of witnesses and research of evidentiary rules. The hours claimed on this facet of the professional effort would appear to be excessive and duplicative. However, the place to have straightened this out, with appropriate inquiry and evidence, fixing a reasonable time figure, was in the District Court, not here. Thus, we hold that any question on this subject was waived. Moreover, we find nothing in the record from which the correct time could be computed as a matter of law or on undisputed facts.

Appellants further complain about ten hours of attorneys' fees awarded Mr. Korbel for drafting and sending out notice of the lawsuit to the tax assessors-collectors. One hour, they say, would have been more than sufficient for drafting a notice letter and *sending out* the notice is non-legal work. Appellees respond that there are 254 tax assessors in Texas and that notice was an important point to the District Court. The facts being clearly open to evaluation on what amounts to stipulated facts, we hold that Mr. Korbel was entitled to compensation for only one hour of this claimed time and we modify accordingly.

Mr. Kauffman claimed eight hours after the final order of the Three-Judge Court for study of transcripts and research on remedies in the event there should be a violation of the court order. Mr. Richards, however, had stated that any question of contempt was not a likely eventuality. This eight hours must be deducted.

In addition to this, the District Court awarded Mr. Kauffman six hours of travel time and eight hours for the hearing and conference in Tyler, Texas, for a temporary restraining order on November 3, 1976. However, Mr. Kauffman made no statement at the hearing and his attendance duplicated that of principal counsel, Mr. Richards. "The time of two or three lawyers in a courtroom or conference when one could do, may obviously be discounted", *Johnson, supra,* at 717. This fourteen hours allowed Mr. Kauffman must be eliminated.

### The Hours Correctly Allowable

The result of the foregoing reasoning is that the allowable hours for counsel on the merits should have been, and is:

| | |
|---|---|
| Mr. Richards, | 70 hours. |
| Mr. Korbel, | 113.2 hours. |
| Mr. Kauffman, | 36 hours. |

### The Appropriate Hourly Compensation

Within the four corners of this case we are compelled to hold that increasing the hourly compensation rate by fifty percent was an abuse of discretion. We think that an increase of 33⅓% stands at the outer limits of generosity but since we are not prepared to hold that such an increase would amount to an abuse of the discretion which district courts have, and must have, in cases of this type we simply modify the increase for the time on the merits to 33⅓%.

■ Obviously, there should be no contingency allowance for the hours spent as to the attorneys' fees. The plaintiffs had prevailed; nothing remained but a computation of time and establishment of a reasonable rate. Certainly, the base rate for time spent on computing and enforcing attorneys' fees should be less than that allowed for professional services rendered primarily on the merits.

Considering the record, briefs, and oral argument, we hold that the *total compensation* to be awarded the attorneys should be as follows:

#### On the Merits

| | | |
|---|---|---|
| Mr. Richards, | 70 hours, at $133 per hour | (100 x 1.33) |
| Mr. Korbel, | 113.2 hours, at $100 per hour | ( 75 x 1.33). |
| Mr. Kauffman, | 36 hours, at $ 66 per hour | ( 50 x 1.33). |

#### On the Attorneys' Fees

| | | |
|---|---|---|
| Mr. Richards, | 12 hours, at $80 per hour | (80% of $100). |
| Mr. Avila, | 13.8 hours, at $55 per hour | (80% of $ 66). |
| Mr. Kauffman, | 3 hours, at $40 per hour | (80% of $ 50). |
| Ms. Hanten, | 12 hours, at $40 per hour | (80% of $ 50). |

The expense item, a relatively small one, we leave undisturbed.

As so modified, the judgment of the District Court is affirmed and the mandate will issue accordingly.

All parties will bear their own costs and the plaintiffs-appellees are awarded no attorneys' fees for services on appeal.

As Modified, AFFIRMED.