### In re INTERNATIONAL SYSTEMS & CONTROLS CORPORATION SECURITIES LITIGATION.

**This Document Refers to Traub, et al. v. Kenneally, et al.**

**No. MDL–440.**

United States District Court, S. D. Texas, Houston Division.

June 23, 1982.

Thomas C. Murray, Jr., Zissu, Berman, Halper, Barron & Gumbinger, George L. Barnett, Mazur, Carp & Barnett, Robert A. Stull, Stull, Stull & Brody, Abraham A. Markowitz, New York City, I. Walton Bader, Bader & Bader, White Plains, N. Y., Lester L. Levy, Wolf, Popper, Ross, Wolf & Jones, New York City, Martha Evans, Saccomanno, Clegg, Martin & Kipple, Houston, Tex., for plaintiffs.

Philip A. Sudan, Jr., Ryan & Shoss, Houston, Tex., B. J. Walter, Jr., Foreman & Dyess, Houston, Tex., David N. Webster, Nussbaum, Owen & Webster, Washington, D. C., Travis C. Broesche, Vinson & Elkins, Houston, Tex., Paul J. Ostling, Arthur Young & Co., New York City, V. Thomas Lankford, Michael Waitzkin, Sharp, Randolph & Green, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

NORMAN W. BLACK, District Judge.

In its Pretrial Order of November 20, 1981, the Court ordered the various *Traub* Plaintiffs to appear for depositions on dates specified in the Order. The Court was compelled to order the depositions because previous attempts to accomplish discovery without Court intervention had been frustrated by failures to appear and abrupt suspensions that caused Defendants to incur considerable unnecessary attorneys' fees and expenses. In ordering the depositions of the *Traub* Plaintiffs to be taken on specified dates, the Court admonished all counsel that it would not tolerate any failures to comply with its discovery orders.

The November 20, 1981 Pretrial Order and the Court's admonition apparently were insufficient to impress upon Plaintiff Maurice Weintraub, a. k. a. Murray Traub, and his counsel, Mr. Ira Berman and Mr. Alan Epstein of Zissu, Berman, Halper, Barron & Gumbinger, New York, New York, their responsibilities as a party and attorneys in this action. Mr. Traub failed to appear at his deposition as ordered by the Court. In a telephone conference with the Court, Mr. Traub's counsel stated that on January 5, 1982 (when Mr. Traub's counsel first notified at least certain defense counsel of Mr. Traub's unavailability), Mr. Traub had already left the country on emergency business. The Court ordered Mr. Traub be deposed on February 2, 1982, and ordered further that Mr. Traub bring with him his passport and other travel papers, and that Mr. B. J. Walter, counsel for Defendant Arthur Young & Co., specifically examine Mr. Traub on the excuse for non-attendance proffered by his counsel.

On February 2, 1982, Mr. Traub did not bring the papers ordered by the Court. Subsequent examination of those papers revealed that on January 5, 1982, Mr. Traub had not left the country on emergency business; rather, he left two days later for a vacation. On February 4, 1982, Mr. Traub and his counsel failed to appear for the morning session of the deposition, and that afternoon, the deposition was suspended when Mr. Traub refused to cooperate in answering questions.

On March 16, 1982, the *Traub* Plaintiffs' counsel, citing the need to attend to other matters, abruptly suspended the deposition of Mr. Anthony Polak, the designated representative of Domaco Venture Capital Fund, and refused to appear the next day.

The above matters and others were the subject of motions and supplemental motions for sanctions by the various Defendants, and responding affidavits of Mr. Traub and his counsel. After considering

carefully the affidavits, motions, memoranda, and oral argument of counsel, the Court granted Defendants' motions by Order dated April 1, 1982. In so doing and in entering this Order assessing costs, the Court has reached the following conclusions:

(a) Mr. Traub and his counsel have violated the orders of this Court, the Federal Rules of Civil Procedure on discovery, and the basic rules of ethics. The Court is satisfied—and is particularly distressed—that counsel for Mr. Traub misstated to the Court the facts as to Mr. Traub's unavailability.

(b) The ultimate sanction of dismissal is not yet ripe, although the Court is sure it is justified.

(c) Mr. Traub and his counsel should bear equally the additional attorneys' fees and expenses incurred by Defendants in connection with Mr. Traub's deposition; Plaintiffs' counsel should bear the additional attorneys' fees and expenses incurred by Defendants in connection with the suspension of Domaco Venture Capital Fund's deposition through Mr. Polak.

(d) Copies of this Order should be sent to the chief judges of the United States District Courts for the Southern and Eastern Districts of New York.

The Court has examined each item in the affidavits submitted by the five sets of legal counsel who have been awarded costs and fees by the April 1, 1982 order. Consideration has also been given to the affidavits of Thomas Murray, Alan Epstein, George L. Barnett, and Murray Traub, in opposition to the assessment of costs and the amounts requested. None of the attempts by these attorneys and their clients to shift the blame to each other has persuaded the Court that the April 1 Order should be modified.

In determining a reasonable amount to be awarded as attorney's fees, this Court must apply the factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

(1) *The time and labor required.*

This factor goes to the heart of this application of sanctions against the law firm of Zissu, Berman and their client, Plaintiff Murray Traub. This complicated securities fraud litigation is comprised of five separate lawsuits consolidated for pretrial purposes. It has been made abundantly clear to each attorney at every pretrial conference that cooperation by all parties is of paramount importance. With attorneys for so many different parties in three different U. S. cities, any hope of keeping discovery costs within some semblance of control is premised on good faith efforts by all. The Court has scrutinized each attorney's time records and awarded costs for only the expenditure of those hours necessitated by Zissu, Berman or Mr. Traub's failure to comply with both written and oral Court orders. Fees have been awarded for only one attorney in a law firm to perform a particular task, or attend a deposition or hearing. For example, if two attorneys within one law firm conferred with each other, a charge was allowed for the time of only one. Similarly, if two attorneys from one firm attended a deposition or the hearing, time was charged for only one. An exception was made for Mr. Walter's attendance on February 2, 1982, at the Traub deposition, since it was he who had been in chambers during the January 7 telephone conference with Mr. Epstein and he was the attorney most aware of the Court's thinking on the issue of Mr. Traub's January travel plans.

Following the procedure used in *Flowers v. Wiley*, 675 F.2d 704 (5th Cir. 1982), only 80 per cent of the base hourly rate was allowed for time spent in preparing the statement of attorney's fees. Travel expenses incurred because of the offending conduct were allowed, but no hourly charge was permitted for attorney travel time between cities. Vinson & Elkins' request for anticipated expenses of a future trip to New York to depose Mr. Polak, Sr. were not allowed due to their speculative nature.

(2) The type of attorney time expended in this instance did not involve novel or

difficult questions, although it was particularly frustrating and wasteful.

(3) The efforts expended did not require skill in a specialized field of law. However, the situation did require the use of mature professional judgment in deciding when it was or was not necessary to involve the Court, and to prevent the total breakdown of communication between the two groups.

(4) The hours spent on this matter did not preclude other employment by the attorneys, but did needlessly consume time that could have been spent on other cases.

(5) The Court regards some of the requested hourly fees, while not out-of-line, as being on the high side of the average fee for similar work in a metropolitan area. Taking into account the years of law practice by each attorney, the Court adjusted the requested hourly rates as follows: Travis Broesche—$125/hour; B. J. Walter—$125/hour; Paul Ostling—$125/hour; Philip Sudan—$100/hour; Michael Waitzkin—$100/hour; Allan Van Fleet—$90/hour; Richard Rothfelder—$75/hour. No fees were requested for Mr. Liggio's time. Mr. Lankford's time was disallowed because it appeared duplicative of effort by Mr. Waitzkin.

(6) These costs are being awarded to Defendants, whose fees are, of course, fixed, not contingent.

(7) The scheduling and re-scheduling of the *Traub* Plaintiffs' depositions has created more than the usual amounts of difficulties due to the number of attorneys attending, most of whom are heavily involved in other litigation.

(8) The *Traub* Plaintiffs have sued for substantial sums of money; the amended complaints asked for over one million dollars plus interest. Thus, the various Defendants have much at stake and have already been put to great legal expense.

(9) Each of the attorneys to whom fees are being awarded has demonstrated a high level of competence and proficiency in federal court practice. An unusually high level of preparedness and thoroughness has been displayed at every step of the litiga-

tion. These attorneys are of excellent repute in their respective communities. Their experience ranges from two and a half to sixteen years. This latter factor accounts for the varying hourly rates allowed.

(10) This is not an undesirable case.

(11) There is no indication that the fees charged to clients was varied due to any long or short-term relationships.

(12) These fees are in line with amounts awarded by this and other courts in securities cases.

Therefore, the Court finds that the following amounts are reasonable:

(1) Ryan & Shoss

| | | | |
|---|---|---|---|
| Rothfelder: | 24¾ hours at $75 | = | $1,856.25 |
| | 6¾ hours at 80% | = | 405.00 |
| Sudan: | 2 hours at $100 | = | 200.00 |
| | Total | | $2,461.25 |

All of these hours were attributed to the Traub deposition or the hearing. None was allocated to the Polak deposition. Thus, Zissu, Berman is to pay one-half and Mr. Traub the other half.

(2) Sharp, Randolph & Green

| | | | |
|---|---|---|---|
| Waitzkin: | 26 hours at $100 | = | $2,600.00 |
| | 4 hours at 80% | = | 320.00 |
| Expenses: | Transcript | | 113.33 |
| | Waitzkin travel to Houston for 4–1–82 hearing (½ since hearing also on Motion for Summary Judgment) | | 411.03 |
| | Total | | $3,444.36 |

None of the Sharp, Randolph hours relate to the Polak deposition; therefore, Zissu, Berman will pay one-half of the total and Mr. Traub the other half.

(3) Arthur Young & Co.

Ostling:

| | | | |
|---|---|---|---|
| Re Polak: | 5½ hours at $125 | = | $ 687.50 |
| Re Traub: | 50 hours at $125 | = | 6,250.00 |
| | 6 hours at 80% | = | 600.00 |
| | Total | | $6,850.00 |

The time during the Traub deposition on February 2 during which Mr. Walter questioned Mr. Traub (approximately 40% of the four hours) was disallowed as to Mr. Ostling, since they were both representing Arthur Young. In his fee statement, Mr. Ostling sought recovery for over ninety-four hours relating to the Traub deposition, the hearing and the motion for sanctions. The Court realizes Arthur Young assumed a lead position both in trying to arrange the

deposition and in moving for sanctions. However, when compared with the number of hours for which the other attorneys are being awarded fees (ranging from twenty-six to thirty-three hours) the Ostling hours appear excessive. The Court refers especially to the thirty-one and one-fourth hours claimed for preparation of the motion for sanctions on February 13 and the thirteen hours claimed for the reply memorandum in March. Therefore, the Court is awarding Arthur Young costs for fifty hours of attorney time in relation to the Traub matters.

Of the above amounts, all of the Polak total and one-half of the Traub total should be charged against Zissu, Berman ($4,112.50) and one-half of the Traub total is to be charged to Mr. Traub ($3,425.00). The time spent preparing the fee statement was charged totally to the Traub matter since that consumed most of the statement.

(4) Foreman & Dyess

| | | |
|---|---|---|
| B. J. Walter: 26 hours at $125 | = | $3,250.00 |
| 2½ hours at 80% | = | 250.00 |
| Costs: long distance telephone calls, travel, postage, xerox, meals, transcript of hearing | | 1,146.52 |
| Total | | $4,646.52 |

The time during the Traub deposition on February 2 during which Mr. Ostling questioned Mr. Traub (approximately 60% of the four hours) was disallowed as to Mr. Walter, since they were both representing Arthur Young.

None of the above amount is attributable to the Polak deposition. The above total should be charged one-half to Zissu, Berman, one-half to Mr. Traub.

(5) Vinson & Elkins

| | | |
|---|---|---|
| (a) Polak deposition | | |
| Van Fleet: 2 hours at $90 | = | $ 180.00 |
| Expenses: | | 183.57 |
| Total | | $ 363.57 |
| | | |
| (b) Traub deposition and hearing | | |
| Broesche: 18 hours at $125 | = | $2,250.00 |
| Van Fleet: 15¼ hours at $90 | = | 1,372.50 |
| 1½ hours at 80% | = | 108.00 |
| Expenses: long distance telephone calls, xerox, transcript of hearing, cost of service, etc. | | 159.63 |
| Total | | $3,890.13 |

Hours were allowed for only Mr. Broesche to attend the Traub deposition and the hearing. No speculative charges were allowed for a possible continuation of the Polak deposition. Where both attorneys conferred about the case or reviewed pleadings, etc., hours were allowed for only one.

Of the above totals, all of the Polak costs and one-half of the Traub and hearing costs are to be assessed against Zissu, Berman ($2,308.64); and one-half of the Traub deposition and hearing costs is to be charged to Mr. Traub ($1,945.06).

The Court is aware that while the costs and numbers of hours allowed by the Court for each firm are completely reasonable, the sum of these amounts added together is substantial. This is the underlying reality which makes cooperation in discovery mandatory in this case. Since January 15, 1981, by means of increasingly firm warnings and orders, the Court endeavored, unsuccessfully, to impress this fact upon the law firm of Zissu, Berman and Mr. Traub. The Court is left with no choice but to assess these costs.

Therefore, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, the Court ORDERS the following:

(1) That the firm of Zissu, Berman, Halper, Barron & Gumbinger, 450 Park Avenue, New York, New York, pay:

(a) $1,230.63 to the law firm of Ryan & Shoss, to be credited to Defendants International Systems & Controls Corp. and Deferred Compensation Corp.;

(b) $1,722.18 to the law firm of Sharp, Randolph & Green, to be credited to the individual defendants;

(c) $4,112.50 to Defendant Arthur Young & Co.;

(d) $2,323.26 to the law firm of Foreman & Dyess, to be credited to Defendant Arthur Young & Co.;

(e) $2,308.64 to the law firm of Vinson & Elkins, to be credited to Defendant Arthur Andersen & Co.;

(2) That Maurice Weintraub, a. k. a. Murray Traub, pay:

(a) $1,230.62 to the law firm of Ryan & Shoss, to be credited to Defendants International Systems & Controls

Corp. and Deferred Compensation Corp.;

(b) $1,722.18 to the law firm of Sharp, Randolph & Green, to be credited to the individual defendants;

(c) $3,425.00 to Defendant Arthur Young & Co.;

(d) $2,323.76 to the law firm of Foreman & Dyess to be credited to Defendant Arthur Young & Co.;

(e) $1,945.06 to the law firm of Vinson & Elkins, to be credited to Defendant Arthur Andersen & Co.;

(3) That the payments ordered above be made within 30 days of this Order, under penalty of contempt.

(4) That copies of this Order be sent to the chief judges of the United States District Courts for the Southern and Eastern Districts of New York.