**Mary CRAIK, et al., Appellants,**

v.

**The MINNESOTA STATE UNIVERSITY BOARD, et al., Appellees.**

No. 82–1930.

United States Court of Appeals, Eighth Circuit.

July 10, 1984.

As Amended July 20, 1984.

Hubert H. Humphrey, III, Atty. Gen. of Minn., Charles T. Mottl and Carl M. Warren, Sp. Asst. Attys. Gen., St. Paul, Minn., for appellees.

Richard Quiggle, Little Rock, Ark., John J. Sommerville, Sommerville, Nixon, Whalen & Fowler, Minneapolis, Minn., on brief, John W. Walker, Little Rock, Ark., on brief, for appellants.

Before LAY, Chief Judge, SWYGERT,[*] Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Plaintiffs-appellants have moved for an award of attorneys' fees and costs for services rendered and expenses incurred on appeal. Eighth Cir.R. 17 provides that this Court may either determine for itself the proper amount of such an award or may remand to the District Court for such a decision. Normally we decide the question of fees and costs on appeal ourselves. We are naturally more familiar than the District Court with the nature and quality of the services rendered on appeal; the case is relatively fresh on our minds; and our decision on the question can furnish guides for the District Court to follow when it decides the amount of fees and costs for services rendered before it. In this case we shall

---

[*] The Hon. Luther M. Swygert, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

follow our normal practice and make the decision for ourselves.

■ Plaintiffs are the prevailing parties on the appeal. *Craik v. Minnesota State University Bd.*, 731 F.2d 465 (8th Cir.1984). The Act of Congress, 42 U.S.C. § 1988, therefore entitles them to an award of fees and costs, unless special circumstances indicate otherwise. There are no such special circumstances here. Plaintiffs' request is for a total of $166,234.00 in fees and $14,737.60 in expenses. Plaintiffs have itemized a total of 1,203.7 hours, representing services rendered by four lawyers. Compensation is requested at hourly rates ranging from $70.00 to $125.00. Plaintiffs ask that the "lodestar" figure obtained by multiplying the various hourly rates and the hours expended be enhanced by 50 per cent., reflecting, they say, the results obtained by the appeal and the risk assumed by counsel in undertaking it.

■ The first question is whether the hours expended were actually and reasonably spent. No one claims that the hours of service itemized by counsel for plaintiffs were not in fact expended, but defendants do say that they were not reasonable, that too much time was spent on the case. Defendants argue, among other things, that their own lawyers spent only 790.4 hours on the appeal, some 400 hours less than those claimed by plaintiffs. We hold that the hours spent by counsel for plaintiffs were reasonable. This was an unusually complex case, factually and legally, as we can personally attest from the large investment of time made by the Court in deciding it. Certainly the amount of time spent by defendants is a relevant factor, and in some cases can result, when considered with other circumstances, in a reduction of the time for which plaintiffs' counsel are entitled to be compensated. See, *e.g., Doulin v. White*, 549 F.Supp. 152, 159 (E.D. Ark.1982) (three-judge judge court). Here, however, we cannot say that the disparity between 790.4 hours for appellees and 1,203.7 hours for appellants is great enough to cast doubt upon the reasonableness of the time spent for appellants. A familiar maxim, applicable to trials, is *potior est conditio defendentis*. Similarly, it may be said on appeal that the position of the appellee is the stronger. Most judgments are affirmed, and the party seeking to overturn a judgment normally has, as a practical matter, a more difficult task. In addition, the appellant has the right, normally exercised in important cases, of filing a reply brief, and this takes additional time. In short, our familiarity with the facts and issues of this case leads us to find that the time claimed on behalf of appellants is reasonable. The same is true of the expenses.

Defendants argue that the time spent on behalf of plaintiffs was unreasonably inflated because three of the plaintiffs' lawyers, Richard Quiggle, John Walker, and Paul Gordon, are from Arkansas, instead of Minnesota, where the claim arose and the case was tried. They quote our statement in *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 141 (8th Cir.1982) (en banc), that "the day has not yet come when a civil-rights plaintiff must go out of state to get representation." The statement is taken out of context. In *Avalon*, a California lawyer, employed to file suit under 42 U.S.C. § 1983 in Arkansas, claimed an hourly rate of up to $190.00. He sought to justify the amount on the theory that no lawyers were available locally who could handle the matter. We disagreed with this assertion and found that there were indeed lawyers in Arkansas ready, willing, and able to handle the case for a considerably lower fee. Thus, we thought it inappropriate to compensate out-of-state counsel at the higher rate, and awarded instead for his services the hourly rate that local counsel would have charged. No such situation is presented here. Richard Quiggle, the Arkansas lawyer who spent more time on this appeal than the other three lawyers for the appellants, claims an hourly rate of $95.00, only $5.00 greater than that claimed by his colleague from Minnesota, John Sommerville. Defendants do not assert that a $95.00 rate is unreasonable for Mr. Quiggle's services. In fact, the time spent on this appeal is substantially the same as it would have been had all of the lawyers

been residents of Minnesota, except in one relatively minor respect. Mr. Quiggle did have to travel from Little Rock to St. Paul to present the oral argument, and ten hours of travel time are claimed for this purpose. We cannot say that this kind of charge is unreasonable. Counsel retained by clients who pay on a regular hourly basis customarily charge for travel time, and civil-rights counsel should be no worse off. This is a complex case, and it was not unreasonable for plaintiffs to choose to have more than one lawyer present at the oral argument. In fact, the complexity of the case is underscored by the fact that the Court on its own motion expanded the normal argument time for both sides.

Our conclusion with respect to travel time is reinforced by a recent opinion of the Seventh Circuit, *Henry v. Webermeier*, 738 F.2d 188 (7th Cir.1984). Speaking for the Court, Judge Posner, p. 194 said:

> When a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling. That is why lawyers invariably charge their clients for travel time, and usually at the same rate they charge for other time .... And if they charge their paying clients for travel time they are entitled to charge the defendants for that time in a case such as this where the plaintiffs have shown a statutory right to reasonable attorney's fees ... the presumption ... should be that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time.

Defendants also argue, citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that the fee award should be reduced on account of plaintiffs' not having prevailed on some issues. The judgment of the District Court was affirmed in a number of respects, and the relief obtained by plaintiffs may be further narrowed on remand because of the Eleventh Amendment defense that remains to be considered. We therefore agree that the lodestar figure claimed by plaintiffs must be reduced. How much of a reduction is appropriate is not a question that can be answered with mathematical precision. Simply listing the issues from the headings in the briefs and tabulating which way they went will not solve the problem, because all issues are not of equal importance, legal or factual. Questions of faculty rank and salary, for example, on which plaintiffs prevailed in part, are of greater significance to a greater number of class members than, for example, the issue of market-factor increases, which defendants won. In our judgment, a reduction of 20 per cent. is appropriate to reflect the fact that plaintiffs did not completely prevail.

Plaintiffs in turn ask for an enhancement of their fee. The Supreme Court's recent opinion in *Blum v. Stenson*, —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), furnishes guidance on how to evaluate this claim. We know from *Blum* that the results obtained by plaintiffs are usually not a proper ground for enhancement. *Id.* 104 S.Ct. at 1541–42. On the other hand, *Blum* leaves open the possibility that the risks assumed by counsel in taking a case can be a ground for enhancement, *id.* at 1542 & n. 17, and we believe that this ground is available here. In *Blum* no enhancement on account of risk was allowed, because the District Court, the court whose fee award was contested in that case, had no basis in the record for finding that any particular risk had been assumed. Here, however, such a finding is compelled. Counsel for plaintiffs undertook this case, which they must have known would require a massive expenditure of time and energy, in the face of the very real possibility that no fee at all would be obtained. The risk here went beyond the normal contingent-fee situation. In Mr. Quiggle's case, for example, substantially all of his professional time between December 1982 and June 1983 was spent on this appeal. The investment of that much time out of one's law practice with no real hope of compensation if the appeal should prove unsuccessful is indeed a major risk, one that we think should be

taken into account in setting a reasonable fee. In our opinion, an enhancement of 25 per cent. for the time spent by Messrs. Quiggle and Sommerville is appropriate. Each of them devoted a major amount of time to this case for a considerable period; Mr. Quiggle spent 689 hours, and Mr. (now Judge) Sommerville spent 484 hours. No enhancement will be allowed for Mr. Walker's and Mr. Gordon's time, because the hours expended by them, 14.9 hours and 15.8 hours respectively, were not sufficiently great to represent any significant risk.

A reduction of the lodestar figure by 20 per cent. to reflect the less than completely successful result obtained, coupled with an enhancement of 25 per cent., brings the fee request, in the case of Messrs. Quiggle and Sommerville, back to the lodestar figure itself. The use of percentages in this connection is of course somewhat arbitrary. The judgments made here are largely qualitative. The attempt to express them mathematically inevitably gives a delusive appearance of exactness. We therefore conclude with the observation that the fees we shall award represent, in our judgment, reasonable fees under all of the facts and circumstances of this case.

Accordingly, an award of fees and costs on this appeal is made as follows:

| | |
|---|---|
| For Richard Quiggle, 689 hours at $95.00 an hour, reduced by 20 per cent., and then enhanced by 25 per cent. | $ 65,455.00 |
| For John Sommerville, 484 hours at $90.00 an hour, reduced by 20 per cent., and then enhanced by 25 per cent. | $ 43,560.00 |
| For John Walker, 14.9 hours at $125.00 an hour, reduced by 20 per cent. | $ 1,490.00 |
| For Paul Gordon, 15.8 hours at $70.00 an hour, reduced by 20 per cent. | $ 884.80 |
| Total Fee Award: | $111,389.80 |
| Costs and Expenses: | |
| For Richard Quiggle | $ 3,971.95 |
| For Nixon & Whalen, Judge Sommerville's former law firm | $ 10,765.65 |
| Total Costs and Expenses: | $ 14,737.60 |
| GRAND TOTAL OF FEES AND EXPENSES: | $126,127.40 |

The Clerk of this Court is directed to request the Clerk of the District Court to add this award to our mandate. See Eighth Cir.R. 17.

It is so ordered.