Dennis A. MOORE, and Gregory B. Perry, Individually and on behalf of all others similarly situated; Des Moines Iowa Branch of the NAACP, as an organization and on behalf of its members and all others similarly situated, Appellees,

v.

CITY OF DES MOINES, IOWA; Lee Williams, The Des Moines, Iowa Fire Dept.; Richard Wilkey; Jerry Thompson; The Des Moines Civil Service Commission; Delores Monroe, Ralph Costanzo; Marsh Houston; R.V. Sipfle; The City Council for the City of Des Moines; Peter Crivaro; George E. Flagg; Elaine Szymoniak; Tim Urban; Archie Brooks; L. Clarke Priebe; George J. Nahas; The Board of Trustees of the Fire Retirement System for Des Moines, Iowa; Robert Niffeneger; Duane Kirkpatrick; Lee Williams; George Wolfe, Alton Grogh; Ted Lussem; and Dean Johnson, Appellants.

No. 84–2514.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1985.

Decided June 25, 1985.

Rehearing and Rehearing En Banc Denied Aug. 19, 1985.

Nelda Barrow Mickle, Des Moines, Iowa, for appellants.

Roxanne Barton Conlin, Russell E. Lovell, II, Professor of Law, Drake University, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and REGAN,* District Judge.

LAY, Chief Judge.

The plaintiffs brought a class action suit against the City of Des Moines alleging racially discriminatory practices and standards in the employment of firefighting personnel. After substantial discovery and long negotiations, the parties entered a consent decree affording significant affirmative relief to the plaintiffs. The City of Des Moines now appeals an award of attorneys' fees and expenses against it totalling $195,433.59 plus interest pursuant to 42 U.S.C. § 1988 (1982).

The consent decree provided the City would pay "reasonable attorneys' fees." The parties were unable to agree on a fee amount, and an evidentiary hearing was held. In calculating the proper amount of attorneys' fees to be paid by the City, the district court [1] found:

This case was difficult and complex civil rights class action litigation. It necessarily required the expenditure of a great deal of time by plaintiffs' lawyers, and under the circumstances of the case

---

* The HONORABLE JOHN K. REGAN, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

several lawyers were necessary. (Footnote omitted).

\* \* \* \* \* \*

Under all of the circumstances, involvement of each lawyer was reasonably necessary. Each not only played a vital role, but each performed ably. The result is a detailed consent decree that is a very professional work product reflecting a high level of skill in the field of complex civil rights litigation.

\* \* \* \* \* \*

[With the exception of 100 hours] all of the time expended by all of plaintiffs' lawyers, although extensive, was reasonable \* \* \*.

\* \* \* \* \* \*

The experience and abilities of each [attorney] justify the hourly rate each seeks.

The City has raised numerous issues on appeal, including:

I. Whether the trial court in determining hours reasonably expended considered the number of hours ordinarily necessary competently to prepare comparable cases?

II. Whether plaintiffs can be awarded fees for hours expended upon claims of individual class members who await expedited hearing and have not yet prevailed upon the merits of their claims?

III. Whether the hourly rates granted by the trial court are the prevailing market rates in the relevant community?

IV. Whether the plaintiffs achieved a level of success that makes the hours reasonably expended times a reasonable hourly rate a satisfactory basis for the fee award?

V. Whether the district court's downward adjustment went far enough?

VI. Whether fees should be awarded for preparation and prosecution of an application seeking excessive attorney fees?

VII. Whether an award of fees may be granted which substantially penalizes public body defendants so as to chill their offering of gratuitous relief to civil rights complainants?

VIII. Whether a request for fees for consent decree administration can be granted without any evidence of the parties attempting to settle the amount of such fees as required by the consent decree?

▮ With the exception of issue II, the questions the City raises are factual and require appellate supervision only if the district court has abused its discretion. We find no such abuse in this case.[2]

▮ Under this court's supervisory power, we feel it necessary to address the appropriateness of appeals of attorneys' fees awards that contend the district court has abused its discretion. The legal issues and standards surrounding an award of attorneys' fees are becoming well established. *See, e.g., Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Craik v. Minnesota State University Board,* 738 F.2d 348 (8th Cir.1984); *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137 (8th Cir. 1982). The district court in this case has demonstrated an excellent grasp of these issues and standards. The award of attorneys' fees may be substantial; the cost to the losing party of paying the attorneys' fees can be greater than the cost of paying the judgment awarded on the merits. The factual resolution of attorneys' fees cases, however, is "peculiarly within the competence of the district courts, which are intimately familiar with their respective bars." *Robert M. v. Benton,* 671 F.2d 1104, 1107 (8th Cir.1982). The trial judge has a spe-

---

2. In issue II, the City asserts the district court erred in awarding fees for hours spent investigating the claims of two class members who decided to pursue individual remedies, and who had not yet received a hearing and become prevailing plaintiffs. We agree with the plaintiffs, however, that "[m]uch of counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

cial understanding of the degree of complexity of the issues, and a unique ability to evaluate first hand the competence of the attorneys. Because of its singular viewpoint, the district court is best equipped to determine whether hours were reasonably expended, whether the attorneys' hourly rates are within the general rates charged for a particular service in the relevant community, whether the prevailing party achieved a level of success justifying the hours spent, and whether the risk of the case not prevailing calls for an enhancement of the lodestar fee. *See generally Avalon Cinema Corp. v. Thompson*, 689 F.2d 137 (8th Cir.1982); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The appellate court's lack of knowledge concerning local fees and practices renders necessary the district court's wide discretion in the award of attorneys' fees. A successful appeal lies only where the district court has abused its legal discretion or has erred in its understanding of the governing legal standards.

Our concern centers on the large number of cases on our docket alleging an abuse of the district court's discretion which are based simply on the amount of an attorneys' fee award. Such appeals often lack substance and hinder the prompt disposition of more meritorious appeals. The dockets of all federal courts are overcrowded. We suggest to the bar and to individual counsel that as officers of the court, lawyers have a responsibility in limiting litigation over attorneys' fees. Most fee cases can be processed through amicable negotiation and agreement; the district courts should not become the inevitable haven for adversary proceedings concerning attorneys' fees.

Good faith negotiations do not always achieve a resolution satisfactory to all parties, and we do not criticize suits based on fee claims that cannot be resolved through mediation efforts. Appeal of the district court's fee determination should be taken only where the district court allegedly has misapplied the applicable law. Appeals contending that the district court

abused its discretion in determining the amount awarded ordinarily do not require oral argument and will be decided without argument by a three-judge screening panel. If the court holds an appeal is frivolous and not brought in good faith, the court may properly exercise sanctions relating to costs and attorneys' fees. *Cf. Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985) (holding Fed.R.Civ.P. 11 requires sanctions against "an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.") (emphasis in original).

In the present case we hold that although the City's appeal is in good faith, the City has failed to show the district court abused its discretion. We thus affirm the judgment of the district court. Court costs are to be paid by the City; the plaintiffs are requested to submit affidavits concerning the amount of costs and attorneys' fees incurred on appeal. Judgment affirmed.

So ordered.

### ORDER

Appellees' motion for attorney's fees is hereby approved in the amount of $19,687.99 as follows:

Russell E. Lovell, II
127.1 hours at $100   $12,710.00
Expenses   153.95
  $12,863.95

Roxanne Barton Conlin
63.4 hours at $100   $6,340.00
Expenses   484.04
  $ 6,824.04

TOTAL FEE   $19,687.99

Ms. Conlin's hotel bill is reduced by fifty percent.

Appellants' petition for rehearing en banc has been considered by the Court and is denied.

Petition for rehearing by the panel is also denied.