770 F.2d 1244
 38 Empl. Prac. Dec. P 35,727, 27 Ed. Law Rep. 25
 Sylvester J. VAUGHNS, Jr., by his father and next friend,
Sylvester J. VAUGHNS; Toika E. Wheatfall, by her father and
next friend, Walter E. Wheatfall; James R.L. Brooks, Jr.,
by his father and next friend, James R.L. Brooks; Reginald
Wiggs, by his father and next friend, Hosea D. Wiggs;
Reginald A. Jackson, Jr., by his father and next friend,
Reginald A. Jackson; Denise A. Ligon, by her father and
next friend, Dennis J. Ligon, Jr.; Carolyn Gilmore, by her
father and next friend, Sterling K. Gilmore; John A.
Williams, by his father and next friend, John J. Williams,
individually and on behalf of all other persons similarly
situated; Jesse Alexander Eller; Martha Street Eller;
Brendan Edward Lynch; Marjorie Elaine Lynch; Kenneth
Phillip Whittemore; Bette Ann Whittemore; Arthur Emanuel
Dinerman; Janet Avin Dinerman; Morris Edward Sampson;
Thelma Olinda Sampson; William Raymond Leer; Margaret
Street Leer; Leo Paul Chabot; Wanda Maxine Chabot; John
Eugene Spaulding; Bernadine Lane Spaulding; National
Association for the Advancement of Colored People, Prince
George's County Chapter, an Unincorporated Association; Mr.
and Mrs. Thomas Newman; Robert and Delores J. Williams;
Mr. and Mrs. Glenn J. Sterling; and John and Florence
Rosser, Appellees,
v.
BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY; A. James
Golato, President of the Board of Education of Prince
George's County; and Chester E. Whiting; Joanne T.
Goldsmith; Dr. Rodney W. Johnson; Sue V. Mills; Dr. J.
Righton Robertson; Jesse J. Warr, Jr.; Phyllis E.
Williams; Ruth S. Wolf; Members of the Board of Education
of Prince George's County and Dr. Carl W. Hassel,
Superintendent of Schools of Prince George's County; Thomas
John Grenchik; Josephine Snarich Grenchik; Thomas Joseph
Grenchik; Martin James Grenchik; Robert Donkis; Shirley
Grace Donkis; Robert Donkis, II; Michael Robin Donkis;
Raymond Walter Jenkins, Sr.; Geneva Stone Jenkins; Raymond
Walter Jenkins, Jr.; Lorelie Lee Crabill; Heidi Crechen
Crabill; Gwendalyn Cravens Pierce; and Roderick Cravens
Pierce; The Honorable Marvin Mandel, Governor of the State
of Maryland; The Honorable Francis B. Burch, Attorney
General, State of Maryland; Arthur A. Marshall, Jr.,
State's Attorney, Prince George's County; State Department
of Education, State of Maryland; J. Jerome Frampton, Jr.,
School Board President, State Department of Education and
James A. Sensenbaugh, Superintendent of Schools, State
Department of Education; Prince George's County, Maryland;
Maryland State Board of Education and State of Maryland; Jo
Ann T. Bell, Chairman, and Edward J. Feeney, Superintendent,
Board of Education of Prince George's County, Appellants.
 No. 85-1097.
 United States Court of Appeals,
Fourth Circuit.
 Submitted June 6, 1985.
Decided Aug. 22, 1985.
 
 (Paul M. Nussbaum, Andrew W. Nussbaum, Reichelt, Nussbaum & Brown, Greenbelt, Md., George D. Solter, Gerson B. Mehlman, Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., on brief), for appellants.
 (Michael Sussman, Asst. Gen. Counsel, Brooklyn, N.Y., William L. Robinson, New York City, Norman J. Chachkin, Joseph M. Hassett, William A. Bradford, Jr., John C. Keeney, Jr., Patricia A. Brannan, George H. Mernick, III, Hogan & Hartson, Washington, D.C., on brief), for appellees.
 Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 MURNAGHAN, Circuit Judge:
 
 
 1
 The Board of Education of Prince George's County appeals from an award of $372,942.00 in attorney's fees and costs to counsel for plaintiffs. It complains that there has been an abuse of discretion by the district judge insofar as the fee included an enhancement amount to allow for the contingency nature of representation by counsel for the plaintiffs. Our review of the record satisfies us that there was no abuse of discretion.
 
 
 2
 The plaintiffs' original request covered 6,053.3 hours at hourly rates ranging from $70.00 to $175.00 an hour for the several lawyers, $40.00 to $60.00 per hour for law clerks, and $35.00 to $50.00 per hour for paralegals. The average per hour rate overall worked out to $104.20 per hour. Subsequently, however, the application for an award of fees was amended by the plaintiffs to reflect elimination of all time devoted solely to unsuccessful unrelated claims. The amended request incorporated an across-the-board reduction of 27% in the number of hours for which compensation was claimed, bringing them down to approximately 4,418.9 hours. The district court thereupon proceeded to make a further reduction in billable time, allowing 3,556.58 hours for lawyers and 369.45 hours for the paralegals. All in all, the reduction in hours amounted to approximately 37% overall.
 
 
 3
 Having determined what he considered an appropriate number of hours, the district judge thereupon proceeded to apply his scalpel to hourly rates for fifteen lawyers who participated on the plaintiffs' behalf. In four instances, he concluded that the requested hourly rate was appropriate. For all the others, he made reductions ranging from $10.00 an hour to $45.00 an hour in the rate requested depending upon the individual attorney's expertise in the field of civil rights litigation.
 
 
 4
 Having thus carefully considered, on an individualized basis, the appropriateness of a lodestar fee determined by simple application of a major law firm's standard hourly fee schedule, regularly employed in setting fees for clients on a customary basis, and having achieved substantial reduction, the district judge adjusted upward the fee which had been substantially reduced so that it included an enhancement of 7 1/2% describable as a contingency fee allowance. The fee awarded was $355,550.00 (plus $17,392.00 in expenses).
 
 
 5
 While a contingency fee is to be reserved for the case producing exceptional success, see Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); Murray v. Weinberger, 741 F.2d 1423, 1428 (D.C.Cir.1984), the determination of when justifying exceptional circumstances exist is likewise a matter inevitably committed to the trial judge's discretion.
 
 
 6
 We are simply not prepared to upset the rationale behind the district judge's conclusion that there were exceptional circumstances:
 
 
 7
 When the suit was instituted, repetitive emphasis placed by counsel for defendants upon the impropriety of resumption of jurisdiction by this court, which threatened any and all relief, had to be coped with by plaintiffs' counsel and addressed by this court. In the face of such uncertain prospects, plaintiffs' counsel committed the substantial resources of their firm in a massive effort. In preparing this opinion, this court has had occasion to review numerous other cases involving attorney's fee issues. In none of those cases has this court noted such an intensive effort by the prevailing party over such a short period of time. In the within litigation, plaintiffs' counsel committed over 6,000 hours of time over a period of approximately ten months. The commitment of hundreds of thousands of dollars of time, not over the course of many years, as is frequently the case, but over the course of less than a year, constitutes, in this court's opinion, an "exceptional" circumstance in the context of the risk involved. Vaughns v. Board of Education of Prince George's County, 598 F.Supp. 1262, 1286 (D.Md.1984).
 
 
 8
 AFFIRMED.