Lawrence A. UZZELL and Robert Lane Arrington, Individually, and upon behalf of all others similarly situated, Plaintiffs,

and

William Gwynne Head, III, and Richard Jeffrey Kania, Individually, and upon behalf of all others similarly situated, Intervening Plaintiffs,

and

Myra Susan Creed, Katharyn Luanne Holshouser, Jay Allen Kania, Sue Ann Kania, Myra Ann Mandeville, Patricia Dawn McKissick, Michael J. Morris, John Malcolm Overton, Edward B. Munyer, Michael L. Walker, and Timothy E. Walker, Individually, and upon behalf of all others similarly situated, Intervening Plaintiffs,

and

Donald Lewis Elmore, II, Individually, and upon behalf of all others similarly situated, Intervening Plaintiff,

v.

William C. FRIDAY, Individually, and as President of the University of North Carolina; Christopher Columbus Fordham, Individually, and as Chancellor of the University of North Carolina at Chapel Hill; Kevin Monroe, President of the Student Body of the University of North Carolina at Chapel Hill; The Board of Trustees of the University of North Carolina at Chapel Hill; and the Board of Governors of the University of North Carolina, Defendants,

and

Jessie Cureton, Jr., and Greg Cranford, Intervening Defendants,

and

Kevin Monroe, James J. Exum, Sherrod Banks, and Kevin D. Jones, Intervening Defendants.

No. C–74–178–D.

United States District Court,
M.D. North Carolina,
Durham Division.

Sept. 27, 1985.

Richard L. Voorhees, Gastonia, N.C., for plaintiffs and all intervening plaintiffs.

Elizabeth C. Bunting, Asst. Atty. Gen., Andrew A. Vanore, Jr., Deputy Atty. Gen., Raleigh, N.C., for defendants Friday, Fordham, Monroe, Bd. of Trustees, and Bd. of Governors of the University of North Carolina.

Napoleon Williams, NAACP Legal Defense Fund, New York City, and James C. Fuller, Jr., Raleigh, N.C., for all intervening defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This action was commenced on June 4, 1978, by two students at the University of North Carolina at Chapel Hill (UNC at Chapel Hill) seeking declaratory and injunctive relief against three practices of the student government at that institution: subsidization of a campus organization, the Black Student Movement (BSM), which until after the suit was filed excluded whites from membership; the requirement that up to two minority race students be appointed to the student legislature if a like number of such students was not elected thereto; and the requirement that a student defendant before the honor court be permitted to require that a majority of judges on an individual panel be of his race or sex. These practices were alleged to violate the fourteenth amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the first

practice—funding of the BSM—Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, as well.

Hearing the case on motions, this court per then Chief Judge Eugene A. Gordon granted summary judgment for all Defendants on the grounds that the claim relating to BSM had been mooted by BSM's admission of whites and that the other claims were nonjusticiable. *Uzzell v. Friday,* 401 F.Supp. 775 (M.D.N.C.1975). The case subsequently went before the United States Court of Appeals for the Fourth Circuit on four separate occasions and before the Supreme Court of the United States once. *See Uzzell v. Friday,* 625 F.2d 1117, 1119–20 (opinion of Winter, C.J., for the court), 1121–23 (Widener, J., dissenting) (4th Cir.), *cert. denied,* 446 U.S. 951, 100 S.Ct. 2917, 64 L.Ed.2d 808 (1980). The court of appeals eventually upheld this court's ruling that the claim relating to BSM had been mooted but remanded the two remaining claims to this court for trial. Following trial without a jury, this court on August 23, 1984, entered judgment for Plaintiffs on the remaining claims. *Uzzell v. Friday,* 592 F.Supp. 1502 (M.D.N.C.1984). The case is presently before the court on Plaintiffs' motion for attorney's fees pursuant to 42 U.S.C. § 1988, filed January 23, 1985, and related motions as follows: Plaintiffs' motion to compel discovery regarding attorney's fees, filed July 11, 1985; intervening Defendants' motion for an order barring the assessment of fees against them, filed May 31, 1985; and Plaintiffs' motion to intervene, filed September 21, 1984.

The court finds at the outset that the record is sufficiently complete to permit it to rule on the motion for attorney's fees. The motion to compel discovery shall accordingly be denied. Although Plaintiffs initially requested a hearing, they have subsequently waived it and the court does not otherwise find one necessary.

■ The award of attorney's fees to Plaintiffs' counsel is clearly authorized in this case under 42 U.S.C. § 1988. That statute empowers a district court to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in certain civil rights actions, including those to enforce 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964. The court finds here that Plaintiffs are "the prevailing party" with respect to all three of their claims. In the case of the claims challenging the student legislature and honor tribunals, this court granted essentially all the relief Plaintiffs requested. The claim regarding BSM, having been mooted before trial by BSM's admission of whites, was never the subject of court-ordered relief, but evidence at trial established that the filing of this lawsuit was a substantial factor in BSM's taking this remedial action. *E.g., Williams v. Leatherbury,* 672 F.2d 549, 550–51 (5th Cir.1982); *McManama v. Lukhard,* 464 F.Supp. 38, 41 (W.D.Va.1978), *aff'd,* 616 F.2d 727 (4th Cir.1980).

■ The task now becomes to calculate the amount of fees to be awarded Plaintiffs' counsel. Under precedent of the Fourth Circuit, *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981); *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), and more recently of the Supreme Court, *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the determination of the appropriate amount of fees is to be made in light of twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 716–19 (5th Cir.1974). These factors are: the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship

with the client; and awards in similar cases.

■ The most useful starting point in consideration of these factors is to calculate the so-called lodestar; it is the product of the number of hours reasonably expended times a reasonable hourly rate set in accordance with prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. at —— – ——, 104 S.Ct. at 1546–1547, 79 L.Ed.2d at 899–900; *Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. at 1939; *Anderson v. Morris,* 658 F.2d at 249. The lodestar may then be adjusted upward or downward on the basis of factors not subsumed in calculating it, *Blum v. Stenson,* 465 U.S. at —— – ——, 104 S.Ct. at 1548–1549, 79 L.Ed.2d at 901–03; *Hensley v. Eckerhart,* 461 U.S. at 434 & n. 9, 103 S.Ct. at 1940 & n. 9; *Anderson v. Morris,* 658 F.2d at 249, although the *Blum* decision teaches that it is a "rare case in which an upward adjustment to the presumptively reasonable fee of rate times hours is appropriate."[1] *Blum v. Stenson,* 465 U.S. at —— n. 18, 104 S.Ct. at 1550 n. 18, 79 L.Ed.2d at 903 n. 18; *see also Murray v. Weinberger,* 741 F.2d 1423, 1428 (D.C.Cir. 1984). One factor which may justify enhancement is the "results obtained," *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. at 1940; they will normally, however, be subsumed in the lodestar calculation, *Blum v. Stenson,* 465 U.S. at ——, 104 S.Ct. at 1549, 79 L.Ed.2d at 903. Although the Supreme Court in *Blum,* 465 U.S. at —— n. 17, 104 S.Ct. at 1550 n. 17, 79 L.Ed.2d at 903 n. 17, expressly left open whether the contingency of the fee and thereby the risk of not prevailing may also be the basis of an upward adjustment, the Fourth Circuit as well as other courts of appeals have held

since *Blum* that they can be. *Vaughns v. Board of Education of Prince George's County,* 770 F.2d 1244 (4th Cir.1985), *aff'g* 598 F.Supp. 1262 (D.Md.1984); *Murray v. Weinberger,* 741 F.2d at 1430–32; *Craik v. Minnesota State University Board,* 738 F.2d 348, 350–51 (8th Cir.1984). Enhancement of a fee because of its contingent nature is, however, to be reserved for cases presenting "exceptional circumstances." *Vaughns v. Board of Education of Prince George's County,* at 1246 (4th Cir.); *see also Blum v. Stenson,* 465 U.S. at ——, 104 S.Ct. at 1549, 79 L.Ed.2d at 903; *Murray v. Weinberger,* 741 F.2d at 1428. The burden of supporting a request for fees rests with the claimant. *Blum v. Stenson,* 465 U.S. at ——, 104 S.Ct. at 1548, 79 L.Ed.2d at 901.

In their motion for fees, Plaintiffs seek a fee award totaling $285,756.00.[2] The fee is requested on behalf of the following: Hugh Joseph Beard, Jr., who was counsel of record for Plaintiffs until September 1981[3] when he began a tour of service with the federal government which continues to the present; Richard L. Voorhees, an attorney who performed services in this case as early as May 1981 and has been counsel of record for Plaintiffs since September 1981; and several attorneys, two law students, and one paralegal who at various times assisted Messrs. Beard and Voorhees. Each of these claims shall be analyzed in turn.

### Beard

■ Beard claims a fee in the total amount of $233,405.00 broken down as follows: for all substantive work (*i.e.,* work not on fee motions, including travel time), 1,161.80 hours at the rate of $100.00 per

---

**1.** By placing severe limitations on upward adjustments, the *Blum* decision effected a significant change in pre-existing law. As one court has observed, the decision was an apparent response to severe criticism of seemingly excessive fee awards in cases brought under 42 U.S.C. § 1983. *May v. Cooperman,* 582 F.Supp. 1458, 1463 (D.N.J.1984). The impact of *Blum* is evident in this case where pre-existing law may well have permitted upward adjustments which are now precluded.

**2.** See *infra* n. 8.

**3.** Although Beard has apparently consulted with Voorhees about the case since his withdrawal in September 1981, his fee request covers only services performed up to the time of his withdrawal.

hour or $116,180.00, multiplied by an upward adjustment factor of 100% for a total of $232,360.00; for work on fee motions,[4] 10.45 hours at the rate of $100.00 per hour or $1,045.00, without any upward adjustment.

In support of his claimed time, Beard relies primarily on a listing of the purported number of hours he expended on this litigation on a daily basis while counsel of record. The court finds that this documentation suffers a serious deficiency: in a substantial portion of the entries, the work performed is described in only general terms. A principal reason is that Beard lacks contemporaneous records[5] for much of the time he claims, and he has had to reconstruct his hours from memory and other ad hoc sources.[6] The absence of detailed documentation precludes the court, as well as opposing counsel, from making "a fair evaluation of the time expended ... [and] the nature and need for the service." *Hensley v. Eckerhart*, 461 U.S. at 441, 103 S.Ct. at 1943 (Burger, C.J., concurring). The deficiency has occurred despite Beard's expressed intention from the commencement of this action to request fees and the long-standing professional responsibility of attorneys to keep detailed fee records. The number of hours claimed by Beard for substantive work shall accordingly be reduced 25% (290.45 hours) to 871.35 hours in order to eliminate the possibility of duplicative or unreasonable time. *See Hensley v. Eckerhart*, 461 U.S. at 433, 438 n. 13, 103 S.Ct. at 1939, 1942 n. 13; *Chrapliwy v.*

*Uniroyal, Inc.*, 583 F.Supp. 40, 47–48 (N.D. Ind.1983). No separate deduction for travel time shall be made. *See Craik v. Minnesota State University Board*, 738 F.2d at 350; *cf. Sun Publishing Co. v. Mecklenburg News, Inc.*, 594 F.Supp. 1512, 1520 (E.D.Va.1984) (travel time allowed but at lower than usual hourly rate). In the case of the fee motions, the court finds that the time claimed is reasonable and adequately documented and it shall not be reduced.

The claimed hourly rate of $100.00 represents the estimated current prevailing market rate for the services Beard performed. He has supported this claim with a survey of fees prepared by the North Carolina Bar Association as well as an affidavit by another attorney, which, being conclusory, is of limited value. *See National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325–26 (D.C. Cir.1982). The court's own knowledge of fees in the relevant area has also been taken into consideration. *Vaughns v. Board of Education of Prince George's County*, 598 F.Supp. at 1280.

The court finds the rate is reasonable and it shall be approved. The use of a current, as opposed to historic, rate is appropriate here as a means of compensating Beard for the long delay in payment of his fee and of simplifying fee calculations. *Murray v. Weinberger*, 741 F.2d at 1433; *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983); *Graves v. Barnes*, 700 F.2d 220, 224 (5th Cir.1983).[7] Although this rate is

---

**4.** Beard claims fees for two fee motions previously filed in this case but not the instant motion, which was filed after his withdrawal. This court never had occasion to act on the previous fee motions as a result of the extensive appellate proceedings in this case.

**5.** Plaintiffs state in their memorandum without elaboration that Beard's time was documented contemporaneously but that many of these records were lost when he closed his law office in 1981. This statement is obviously inadequate to excuse Beard's failure to produce the requisite detailed documentation.

**6.** Since Beard's withdrawal from the case, several courts—not including the Fourth Circuit—have adopted requirements for contemporaneous documentation whereby the lack of such

documentation can be an independent basis for denial of a fee request. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983); *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1324, 1327 (D.C.Cir.1982); Fifth Cir.R. 47.8.1. Each of these courts adopted its requirement prospectively. Original Defendants nevertheless contend that such a requirement should be imposed retroactively on Beard. In view of the cited precedent, this court declines to do so.

**7.** *Cf. Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 923 n. 41 (3d Cir.1985) (use of current rates may not always adequately compensate for delay in payment); *New York State Ass'n for Retarded Children, Inc.*

somewhat above the average listed in the survey for attorneys in cities the size of Charlotte, North Carolina, where Beard practiced, the higher rate is justified by the novelty and complexity of the issues involved in this case, the skill required, the high quality of work Beard performed, the very successful results obtained, and Beard's experience. The $100.00 per hour rate is also consistent with awards in other civil rights cases in North Carolina. Other *Johnson* factors have no relevance to calculation of Beard's hourly rate, namely: preclusion of other employment, the "undesirability" of the case, time limitations, and his relationship with Plaintiffs. The lodestar figure for Beard's substantive work is thus $87,135.00 (871.35 hours at $100.00 per hour). The comparable figure for time on fee motions is $1,045.00.

Beard seeks a 100% upward adjustment of the lodestar for his substantive work as compensation for the purported contingent nature of his fee. (No upward adjustment is available for work on the fee motions. *Flowers v. Wiley*, 675 F.2d 704, 707 (5th Cir.1982); *Vulcan Society of Westchester County, Inc. v. Fire Department of White Plains*, 533 F.Supp. 1054, 1066 [S.D.N.Y. 1982].) In support of this claim he points out that at the time of commencement of the suit *Regents of the University of California v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), had not yet been decided, there was little if any other authority supporting his clients' position, and the opposing party was a well-financed governmental entity.

The court finds that Beard's fee was contingent and that he should receive an enhancement for the risk he assumed. As Beard's contentions suggest, such a risk constitutes an "exceptional circumstance" within the meaning of *Vaughns v. Board of Education of Prince George's County*, at 1246 (4th Cir.). It eventually resulted in his expending an average of more than $12,000.00's worth of time each year over

the course of seven years without any assurance of payment. Moreover, he bore the risk alone, except for minimal assistance, having been a sole practitioner at the time. *See Richardson v. Restaurant Marketing Associates, Inc.*, 527 F.Supp. 690, 702 (N.D.Cal.1981). The size of the enhancement sought by Beard is, however, excessive. The court finds that an upward adjustment of 10% or $8,713.50 would be fully compensatory. Adding this figure to Beard's lodestar, his total fee for substantive work becomes $95,848.50. To this amount must be added the allowance for fee motions ($1,045.00), yielding a total overall fee of $96,893.50.

Although Beard has not requested it, the court has considered but found unwarranted an upward adjustment based on the results obtained. The success he achieved is adequately reflected in the hourly rate allowed.

### Voorhees

■ Voorhees claims a fee in the total amount of $37,384.00 calculated as follows: for all non-trial substantive work 177.2 hours at $80.00 per hour or $14,176.00, multiplied by an upward adjustment factor of 100% for a total of $28,352.00; for all trial work, 24.0 hours at $100.00 per hour of $2,400.00, multiplied by an upward adjustment factor of 100% for a total of $4,800.00; and for work on the instant fee motion, 52.9 hours at $80.00 per hour or $4,232.00, without any upward adjustment.

In support of his claimed hours, Voorhees has submitted detailed contemporaneous records which the court finds to be adequate documentation. The hours claimed for substantive work are reasonable with the exception of 2.7 hours spent by Voorhees in securing admission to the bar of this court. This time shall be disallowed and the total for substantive non-trial work reduced accordingly to 174.5 hours.

The number of hours claimed for the fee petition is high, equaling over one-quarter

*v. Carey,* 711 F.2d at 1152–53 (use of both current and historic rates permitted for protracted

litigation).

of the time spent on substantive work. However, in view of the size of the total award, the complexity of several issues presented (*e.g.*, liability of intervening defendants), and the usefulness to the court of the papers Voorhees has submitted the court cannot say that the request is unreasonable and it shall be approved.

■ In support of his request for hourly rates of $80.00 for non-trial work and $100.00 for trial work, Voorhees has submitted his own affidavit indicating that these are his current rates in federal cases, the North Carolina Bar Association fee survey discussed previously, and conclusory affidavits of two other attorneys, which affidavits again are of limited probative value in the court's eyes. The court, having also considered its own knowledge of relevant fees, finds these rates reasonable and shall approve them. The use of current rates in lieu of historic rates is appropriate for the same reasons set forth previously with respect to Beard. These rates are above the average cited in the survey for attorneys in communities the size of Voorhees' (Gastonia) but several considerations justify a higher fee. These are the high quality of work Voorhees performed, the excellent results obtained, the novelty and complexity of the issues presented, and the skill required. Both rates are consistent with fee awards in comparable cases in North Carolina. *Johnson* factors not relevant to the fee award are Voorhees' reputation and experience in civil rights cases (no such special reputation or experience was claimed or documented), the "undesirability" of the case, preclusion of other employment, time limitations, and Voorhees' relationship with his clients. The lodestar figure for Voorhees for all substantive work therefore becomes $16,360.00, calculated as 174.5 hours of non-trial work at $80.00 per hour or $13,960.00 plus 24.0 hours of trial work at $100.00 per hour or $2,400.00. The comparable figure for work on the fee motion is $4,232.00, the amount claimed.

■ Voorhees claims a 100% upward adjustment of the lodestar for substantive work on the basis of the contingent nature of his fee. The court finds that no such enhancement is warranted. By the time Voorhees entered the litigation the risk of not prevailing was appreciably less than that which Beard initially confronted as a result of, among other factors, the issuance of the *Bakke* decision and other supportive authority. In addition, the time eventually invested by Voorhees—$4,000.00's worth a year for four years—was less than a quarter of that expended by Beard. Not an "exceptional circumstance" within the meaning of *Vaughns*, this level of risk is comparable to that faced in many cases which seek to extend existing legal principles. Voorhees is fully compensated for the risk he assumed by the hourly rate approved.

The total fee for Voorhees' substantive work thus is equal to the corresponding lodestar. Adding to this figure the amount allowed for the fee motion, the total overall fee is $20,592.00. Upward adjustment of Voorhees' fee on the basis of the results obtained has been considered by the court and rejected because compensation for this factor is already included in the hourly rate allowed.

### Other Attorneys and Legal Assistants

Included in Plaintiffs' motion is a request for $14,967.00 in fees by persons assisting counsel of record. The following fees are requested for persons assisting Beard: David A. Boone, a law student at the time he performed his services, 5.0 hours at $20.00 per hour or $100.00, multiplied by an upward adjustment factor of 100% for a total fee of $200.00; Robert E. Morey, an attorney at all times relevant to this litigation, 4.2 hours at $80.00 per hour or $336.00, multiplied by an upward adjustment factor of 100% for a total fee of $672.00; Lyman J. Parrigin, III, a law clerk at the time he performed a substantial portion of his services, 72.0 hours at the rate of $80.00 per hour or $5,760.00,[8] multiplied

---

**8.** In their filings (Reply to Defendants' Re-    sponse, Exhibit B), Plaintiffs erroneously list

by an upward adjustment factor of 100% for a total fee of $11,520.00; John K. Molen, an attorney at all times relevant to this litigation, 5.0 hours at the rate of $85.00 per hour or $425.00, multiplied by an upward adjustment factor of 100% for a total fee of $850.00; and Thomas J. Ashcraft, also an attorney at all times relevant to this litigation, 3.5 hours at $75.00 per hour or $262.50, multiplied by an upward adjustment factor of 100% for a total fee of $525.00. The following fees are requested for persons assisting Richard L. Voorhees: Edward Booher, a law student at the time he performed his services, 10.2 hours at the rate of $25.00 per hour or $255.00, multiplied by an upward adjustment factor of 100% for a total fee of $510.00; and Josephine S. Mills, a paralegal, 11.5 hours at the rate of $30.00 per hour or $345.00, multiplied by an upward adjustment factor of 100% for a total fee of $690.00.

■ The documentation Plaintiffs have provided in support of the various time claims by Beard's assistants is inadequate. This documentation consists of an affidavit by Beard and affidavits from the claimants themselves. No contemporaneous records have been provided. The documents which have been submitted provide only very general information about the work performed, precluding the court and opposing counsel from making a meaningful assessment of the reasonableness of the time claimed. The deficiencies in documentation are greater than in the case of the submissions in support of Beard's own claim. The claimed hours for each attorney and legal assistant aiding Beard shall accordingly be reduced 35%.

In the case of Voorhees' assistants, the documentation, consisting of an affidavit by Voorhees and a detailed listing of work done, is adequate. The time claimed is reasonable and shall not be reduced.

In support of the various rate claims, Plaintiffs rely on the aforesaid affidavits and the North Carolina Bar Association

survey discussed previously. The court has also considered a comparable North Carolina Bar Association survey from the prior year with regard to law student and paralegal fees and its own knowledge of relevant fees. After careful consideration, the court finds that this evidence supports a rate of $75.00 per hour for attorney's time and $25.00 per hour for paralegal and law student time. These rates are estimated current prevailing market rates for the services performed. They are consistent with awards in comparable cases. Applying these rates to the hours previously determined, the lodestar figures for the various attorneys and legal assistants are as follows: Boone, 3.25 hours at $25.00 per hour or $81.25; Morey, 2.73 hours at $75.00 per hour or $204.75; Parrigin, 15.93 hours (law clerk time) at $25.00 per hour or $398.25, plus 30.88 hours (attorney time) at $75.00 per hour or $2,316.00 for a total of $2,714.25; Molen, 3.25 hours at $75.00 per hour or $243.75; Ashcraft, 2.28 hours at $75.00 per hour or $171.00; Booher, 10.20 hours at $25.00 per hour or $255.00; and Mills, 11.50 hours at $25.00 per hour or $287.50.

Evidence which could conceivably have provided support for higher rates is noticeably absent. For instance, affidavits of two of the three persons in private practice set forth merely estimates of the reasonable value of the services performed rather than their actual billing rates. Although Plaintiffs' reply brief contends that the rates set forth in the respective affidavits are actual billing rates, the brief is unattested and cannot appropriately be relied upon by the court. Plaintiffs also did not submit evidence relating directly to the market rate for law students and paralegals in North Carolina, leaving uncontested the relevant survey data submitted by Defendants. There was also no evidence submitted establishing that the claimants possessed any special experience (excluding the number of years of practice, which the

Parrigin's requested lodestar as $5,400.00. This error results in shortfalls in various totals incorporating it, including a shortfall of $720.00 in

the figure listed for total claimed fees and expenses.

court has considered), ability or reputation. Indicating that the work performed by Voorhees' assistants was of a basic nature, the record also does not justify elevation of their rates on the grounds of the novelty and difficulty of the questions presented, skill required, or the results obtained. The court was precluded from considering these factors in the case of Beard's assistants because their supporting documentation did not identify with sufficient certainty the nature of the services each claimant performed. Other *Johnson* factors which the court has found irrelevant to determining these rates are: the preclusion of employment by the attorney or legal assistant due to his responsibilities in this case, time limitations imposed by the client or circumstances, the "undesirability" of the case, and the professional relationship between the attorney or legal assistant and the Plaintiffs.

■ Plaintiffs claim a 100% upward adjustment of each claimant's lodestar on the basis of the purported contingent nature of the fees. The court shall allow no such upward adjustment because the amounts involved are too small in light of the facts of this case to warrant compensation for the risk of not prevailing, *see Craik v. Minnesota State University Board,* 738 F.2d at 351, and, except in the case of Parrigin, Plaintiffs have not established the contingent nature of the fees. The total fee for each claimant shall accordingly be his lodestar. The sum of such fees or the total overall fee award to be allocated among legal assistants is $3,957.50.

The total fees to be allowed for all legal services on behalf of Plaintiffs are thus $121,443.00. The vast majority of the fees are allocable to the original Defendants and only a small portion to the intervening Defendants. UNC at Chapel Hill shall,

however, be responsible for payment of all fees attributable to intervening Defendants since intervening Defendants participated in this litigation solely in their official capacities as leaders of student organizations.[9] *See Kentucky v. Graham,* —— U.S. ——, ——, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114, 120–21 (1985); *Brandon v. Holt,* —— U.S. ——, ——, 105 S.Ct. 873, 878, 83 L.Ed.2d 878, 885 (1985); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, ——, 104 S.Ct. 900, 908, 79 L.Ed.2d 67, 79 (1984). Intervening Defendants' motion for an order barring assessment of fees against them shall accordingly be dismissed as moot. UNC at Chapel Hill shall also be responsible for all fees attributable to individual original Defendants because they too appeared only in their official capacities (notwithstanding Plaintiffs' initial allegations that certain University officials were being sued individually as well).

In addition to fees, Beard claims expenses, including secretarial time, in the amount of $8,870.60[10] and Voorhees $6,401.04[11] for total expenses of $15,271.64. (The legal assistants do not claim any expenses.) No Defendants challenge these requests. The court finds them reasonable and shall approve them. Although supplemental secretarial costs are not ordinarily recoverable, they are where, as here, the large number and oftentimes great length of necessary filings created for counsel as sole practitioners an "extraordinary need" for such services. *Wheeler v. Durham City Board of Education,* 585 F.2d 618, 623 n. 7 (4th Cir.1978); *see also Vaughns v. Board of Education of Prince George's County,* 598 F.Supp. at 1289–90. As in the case of fees, all expenses are payable by UNC at Chapel Hill. The total award for fees and expenses for all claimants is $136,714.64, allocated as follows: for Beard

**9.** *See Uzzell v. Friday,* 592 F.Supp. at 1507 n. 5, 1508.

**10.** This figure reflects a payment of $1,028.00 already made by Defendants toward Beard's expenses.

**11.** This figure includes $287.50 claimed for Peg-

$105,764.10; for Voorhees $26,993.04;[12] and for legal assistants $3,957.50.

Because the resolution of the matter of attorney's fees represents the final stage in this protracted litigation, the intervention of additional Plaintiffs at this point would serve no useful purpose. The motion to intervene shall therefore be dismissed as moot. An appropriate order and judgment shall be filed contemporaneously herewith.

### ORDER AND JUDGMENT

For reasons stated in a memorandum opinion filed contemporaneously herewith,

IT IS HEREBY ORDERED that Plaintiffs' motion for attorney's fees pursuant to 42 U.S.C. § 1988, filed July 11, 1985, is GRANTED in the amount set forth herein; and

IT IS FURTHER ORDERED that Defendant Board of Trustees of the University of North Carolina at Chapel Hill pay to counsel for Plaintiffs and their assistants as fees and costs incurred in this litigation the sum of ONE HUNDRED THIRTY–SIX THOUSAND SEVEN HUNDRED FOURTEEN AND 64/100's DOLLARS ($136,714.64) to be allocated as follows: One Hundred Five Thousand Seven Hundred Sixty-Four and 10/100's Dollars ($105,764.10) to Hugh Joseph Beard, Jr.; Twenty-Six Thousand Nine Hundred Ninety-Three and 04/100's Dollars ($26,993.04) to Richard L. Voorhees; Eighty-One and 25/100's Dollars ($81.25) to David A. Boone; Two Hundred Four and 75/100's Dollars ($204.75) to Robert E. Morey; Two Thousand Seven Hundred Fourteen and 25/100's Dollars ($2,714.25) to Lyman J. Parrigin, III; Two Hundred Forty-Three and 75/100's Dollars ($243.75) to John K. Molen; One Hundred Seventy-One and no/100's Dollars ($171.00) to Thomas J. Ashcraft; Two Hundred Fifty-Five and no/100's Dollars ($255.00) to Edward Boo-

her; and Two Hundred Eighty-Seven and 50/100's Dollars ($287.50) to Josephine S. Mills; and

IT IS FURTHER ORDERED that Plaintiffs' motion to compel discovery regarding attorney's fees, filed July 11, 1985, is DENIED; and

IT IS FURTHER ORDERED that Intervening Defendants' motion for an order barring the assessment of fees against them, filed May 31, 1985, is DISMISSED as moot; and

IT IS FURTHER ORDERED that Plaintiffs' motion to intervene, filed September 21, 1984, is DISMISSED as moot.

---

gy C. Whitcomb, who was identified in Plaintiffs' filings only as a "legal assistant."

**12.** The North Carolina Fund for Individual Rights, a nonprofit organization that is now insolvent, previously paid Voorhees a portion of

his expenses and Beard a portion of his expenses and fees. Both counsel have represented to the court that, pursuant to the Internal Revenue Code, all such amounts will be refunded to that organization out of their respective awards.