**UNITED STATES of America**

v.

**Paul ROULEAU.**

**Crim. No. 87–309–T.**

United States District Court,
D. Massachusetts.

Nov. 10, 1987.

Paul F. Markham, Boston, Mass., for defendant.

Deborah Ramirez, Boston, Mass., for U.S.

## MEMORANDUM

TAURO, District Judge.

Defendant Paul Rouleau is accused in a multi-count indictment of various violations of the Controlled Substance Act as well as violations of the tax laws and anti-racketeering statutes.[1] He is presently incarcerated pursuant to a detention order issued by Magistrate Cohen. A motion to revoke that order was later denied by Judge Young. Two motions presently at issue request me to modify or revoke that order of Judge Young. For the following reasons, I decline to do so.

### I.

Defendant was arrested on September 18, 1987. At defendant's first court appearance, the government moved for pretrial detention, under the provisions of 18 U.S.C. §§ 3142(e) and (f). On September 22, 1987, Magistrate Cohen issued a comprehensive 10–page opinion ordering detention pending trial, because defendant constituted a flight risk.

On October 6, 1987, Judge Young denied defendant's motion to revoke "on all the grounds set forth in the well-reasoned opinion of Magistrate Cohen."

For administrative reasons, the case was transferred to me. Defendant has moved that I reconsider Judge Young's ruling, arguing, among other things, that Judge Young had applied an incorrect standard of review to Magistrate Cohen's order, and that Magistrate Cohen had given improper weight to certain statutory presumptions.

Defendant later filed a second motion, this time asking that I amend the order of detention and allow the use of real estate owned by defendant's mother as security.

### II.

■ This court concludes that it has no authority to reconsider Judge Young's order. The law on judicial review of pretrial detention orders is set forth at 18 U.S.C. §§ 3145(b) and (c). The orders of magistrates, like that of Magistrate Cohen in the instant case, are reviewed pursuant to § 3145(b), which states:

> If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

That section provides for review of a magistrate's order by district judges. It does not, however, cover the review of an order *issued by* a district court judge. Indeed, the orders of a district judge would be appealed under § 3145(c), which states, in relevant part:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 ... The appeal shall be determined promptly.

Section 1291 of title 28 provides for review by the court of appeals where the district court has rendered a "final decision."

Judge Young's order, although interlocutory, was clearly "final" within the meaning of 28 U.S.C. § 1291, because it met the

---

1. Specifically, defendant is charged with conspiring distribute, and to possess with intent to distribute, marijuana in violation of 21 U.S.C. § 846; attempting to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846; possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; using the telephone to further the marijuana conspiracy in violation of 21 U.S.C. § 843(b); engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; conducting the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); conspiring to conduct an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d); conspiring to defraud the United States by evading income taxes in violation of 18 U.S.C. § 371; and twice subscribing to a false income tax return in violation of 26 U.S.C. § 7206(1).

four "requisites of appealability" fashioned by the First Circuit:

> The order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from the final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.

*United States v. Sorren*, 605 F.2d 1211, 1213 (1st Cir.1979).

The scope and impact of Judge Young's order meet these these criteria. The risk that defendant will flee and the propriety of his pretrial detention are unrelated to the ultimate merits of the criminal case against him. His right to pretrial release cannot, by its very nature, be vindicated after trial. Defendant's motion to revoke attacked the legal basis for Magistrate Cohen's decision, and not merely his exercise of discretion. Finally, Judge Young's order denying revocation was conclusive in the absence of changed circumstances.

Bail decisions have frequently been treated as final appealable orders. *See, e.g., Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951) (denial of motion to reduce bail was final appealable order); *Gavino v. MacMahon*, 499 F.2d 1191 (2d Cir. 1974) (order unlawfully denying bail was final appealable decision); *Carbo v. United States*, 288 F.2d 282, 283 (9th Cir.1961) (orders exonerating bonds and remanding defendant to custody; denying motions to vacate bail order; and denying bail pending trial were final appealable orders). *See also United States v. Sorren, supra*, 605 F.2d at 1213.

That long line of precedent, the structure of 18 U.S.C. § 3145, and the appealability analysis set forth above compel this court to hold that it has no authority to "reconsider" another district judge's pretrial detention order. The validity of Judge Young's order is for the Court of Appeals to determine.

### III.

Defendant's motion to amend the detention order proceeds on a somewhat different theory. Proffering evidence that his mother owns real estate appraised at $380,-000, defendant argues that this court must consider Judge Young's order anew in light of that information.

■ Absent a clear error of law, the detention order of a district judge should not be amended unless the underlying factual circumstances have changed in some significant way. *See United States v. Gallo*, 653 F.Supp. 320, 327 (E.D.N.Y.1986) ("Where significantly changed circumstances raise a new issue of law, and additional evidence is proffered, a judicial officer has inherent power to reconsider his or her own order"); *United States v. Logan*, 613 F.Supp. 1227 (D.Mont.1985) (on motion to reconsider determination of another district judge denying bail pending trial, second district judge would not disturb the determination absent clear error of law or changed circumstances warranting reconsideration of the findings).

■ Here, the circumstances have not changed so as to affect defendant's flight risk. Apparently, defendant's family has owned the house in question since 1953. Its potential usefulness as security is not the type of changed circumstance that would warrant reconsideration of Judge Young's findings.

An order will issue.

### ORDER

For the reasons stated in a memorandum issued this day, defendant Paul Rouleau's motion for reconsideration and motion to amend order of detention are DENIED.

It is so ordered.