# FERGUSON & McDARIS LUMBER COMPANY, Respondent, v. TIEDE & COMPANY, Appellant.

### St. Louis Court of Appeals, March 31, 1908.

1. **PRACTICE: Counterclaim: Verdict and Judgment.** In an action on an account where the defendant admitted a certain sum to be due and filed a counterclaim, the jury returned a verdict on the counterclaim for a sum less than the amount admitted to be due on the plaintiff's cause of action. *Held*, the court properly entered a judgment for the plaintiff for the difference between the admitted amount and the amount of the verdict on the counterclaim.

2. ————: **Costs: The Prevailing Party.** Under section 1547, Revised Statutes 1899, in all civil actions the prevailing party shall recover his costs of the losing party. Where, in an action on account, the defendant filed a counterclaim and recovered thereon an amount less than the sum admitted to be due on the plaintiff's cause of action, the plaintiff was the prevailing party and entitled to his costs.

3. ————: **Witnesses: Mileage.** Subpoenaed witnesses, in traveling to court, traveled by railroad a longer distance than they would have had to go by wagon road and claimed their mileage for the distance traveled by railroad. The court, in overruling a motion to retax their costs, must have found that the miles they traveled were "necessarily traveled" within the meaning of section 3259 Revised Statutes 1899; that statute does not mean that witnesses must under all conditions travel the shortest route.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*Addison Brown* for appellant.

(1) In all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by statute. Revised Statutes 1899, sec. 1547. When an appeal is taken from the judgment

of a justice of the peace, against the appellant, and on a trial in the appellate court the appellee recovers any sum, the appellant shall pay the costs in both courts. R. S. 1899, sec. 1555.

*Lee W. Grant* and *Pierre B. Kennedy* for respondent.

Though the amount which plaintiff recovers is reduced by set-off to an amount below the jurisdiction of the court he is still entitled to his costs. Burton v. Martin, 4 Mo. 200; Hays v. Thomas, 3 Mo. 335.

BLAND, P. J.—The suit was commenced before a justice of the peace to recover $222.16, the balance stated to be due plaintiffs for a carload of lumber sold and delivered to defendants by plaintiffs. Defendants filed an answer and counterclaim. The answer admitted the sale and delivery of the lumber. But claimed a rebate or set-off of $22, on account of some of the lumber being below the standard sold. The counterclaim alleged that defendants were damaged in the sum of $224.65, on account of plaintiffs' failure to deliver defendants another carload of lumber which they had agreed and contracted to deliver. On the trial in the justice's court defendants recovered a verdict for $41.32, from which plaintiffs appealed to the circuit court, where, at the September term, 1906, and on the fourth day of the month, the cause was tried *de novo* to a jury, who rendered the following verdict: "We, the jury, find the issues for the defendants on their counterclaim, and assess their damages at the sum of one hundred and sixty-five dollars." On this verdict it was adjudged by the court, "that the plaintiffs recover of the defendants the sum of $200, and that defendants' $165 counterclaim be deducted from this;" and judgment was entered that plaintiffs recover of and from defendants $35, together with the costs taxed which amounted to $253.

On September 24, 1906, the clerk of the court issued an execution against defendants for the collection of the judgment and costs. At the September adjourned term of the court, to-wit: on December 5, 1906, defendants filed the following motion, which the court overruled and defendants duly appealed:

"First. To modify the judgment to conform to the verdict of the jury.

"Second. To retax the costs to the plaintiffs.

"Third. To retax part of the costs to the plaintiffs.

"Fourth. To quash the execution."

The only issue submitted to the jury was on the counter-claim, as appears by the following instructions given by the court:

"The court instructs the jury that if they find and believe from the evidence that John Tiede & Company contracted with the Ferguson-McDaris Lumber Company for certain lumber described in the exhibits to defendants' answer, to be delivered at Billings, Missouri, about April and July, 1905, and further find that the Ferguson-McDaris Lumber Company failed or refused to deliver the said lumber according to the contract, your verdict will be for the defendants, John Tiede & Company on the counterclaim.

"If you find the issues for the defendants on their counterclaim you will assess the damages at a sum equal to the difference between the contract price agreed to be paid and the market price of said lumber at Billings, Missouri, on March 14, 1906," etc.

The evidence heard on the trial is not before us. But the only reasonable inference to be drawn from the manner the case was submitted to the jury is, that plaintiffs conceded the rebate or set-off of $22 set up in the answer, thus eliminating from dispute the amount due plaintiffs on their cause of action ($200). For the reason the $200 was admitted to be due on plaintiffs'

cause of action, the court only submitted the counter-claim to the jury. When the verdict was returned the court had before it defendants' admission that there was $200 due on plaintiffs' cause of action and the verdict of the jury, finding that $165 was due on the counterclaim. With these ascertained amounts before it, the court properly rendered judgment for plaintiffs for $35, the difference between said sums.

2. Defendants contend that the costs should have been adjudged against plaintiffs. The statute (sec. 1547, R. S. 1899, Ann. Stat. 1906) provides that in all civil actions the prevailing party shall recover his costs except where a different provision is made. Section 1555 provides that when an appeal is taken from a justice's court, if the judgment (of the appellate court) be in favor of the appellant, the appellee shall pay the costs of both courts. As the plaintiffs were the prevailing party on the trial *de novo* in the circuit court, we think they were clearly entitled to recover their costs under the provisions of the above statutes.

3. Eight of the witnesses in the cause resided at or near Billings, a town distant thirty or thirty-five miles from Ozark, the county seat. There are two ways to reach Ozark from Billings—one by dirt road, the other by rail. The distance by dirt road is a few miles shorter than by rail. The witnesses traveled to Ozark, the place of trial, by rail and claimed mileage by this route. The court was moved to cut their mileage down to what it would have been by the dirt road. The court refused to do so and this ruling is assigned as error. A witness in a civil suit, under the statute (sec. 3259, Ann. Stat. 1906) is entitled to "five cents per mile for the number of miles necessarily traveled in going to and returning from the place of trial." The statute does not mean that the witnesses must, under all conditions and in every circumstance, travel the shortest route from his home to the place of trial, but means the

usually traveled and most practicable route.. From the
action of the court in refusing to cut down the mileage
of the witnesses, the court doubtless found that the.
usually traveled and most practicable route between
Billings and Ozark was by rail. On common knowl-
edge of the habits of people to travel by rail when con-
venient, in preference to driving over rough dirt roads,
we approve the action of the court in refusing to cut
down the mileage of the witnesses, and affirm the judg-
ment. All concur.