CHARLES O. OZIAS, Appellant, v. JOHN S. HALEY, Respondent.

Kansas City Court of Appeals, January 10, 1910.

JUDGMENT: Counterclaim: Costs: Motion to Retax. Plaintiff sued defendant for damages and defendant filed a counterclaim for damages in said suit. The action was not founded on contract. The jury returned a verdict in favor of plaintiff for $1250 and in favor of defendant for $2000 and the court properly entered a judgment for defendant for $750 and costs. Under our statutes the prevailing party in an action *ex delicto* is entitled to the costs of the action. The prevailing party is the one in whose favor final judgment is entered.

Appeal from Johnson Circuit Court.—*Hon. N. M. Bradley,* Judge.

AFFIRMED.

*James A. Kemper* for appellant.

(1) Plaintiff having obtained judgment in a substantial sum, against the defendant, was entitled to recover of and from the defendant, all costs necessarily incurred in the establishment of said cause of action. R. S. 1899, sec. 1547; Boothe v. Cowan, 5 Sneed (Tenn.) 354; Brattebo v. Tjernagel, 59 N. W. 278. (2) The taxing of the costs in this case was within the discretion of the court and under all the facts and circumstances that discretion should have been exercised in

favor of the plaintiff, and said costs taxed against the defendant. R. S. 1899, sec. 1549; Boothe v. Cowan, 5 Sneed (Tenn.) 354; Brattebo v. Tjernagel, 59 N. W. 278.

*J. W. Suddath, E. S. Bennett, M. D. Aber* and *O. L. Houts* for respondent.

(1) Unless some special statute, under the facts of the particular case takes it out of the general rule in an action at law, the prevailing party is entitled to costs. And where both parties are successful in part, and each succeeds in one or more of causes of action claimed, or issues, the one obtaining the judgment is the "prevailing party." R. S. 1899, sec. 1547; 11 Cyc., pp. 27, 28; A. i., 2 a, b, I; 11 Cyc., p. 31, d. c. (2) This is an action *ex delicto* and the "special statutes" in this State providing for apportionment of costs between parties prevailing in part do not apply. Lamm v. Railey, 127 Mo. App. 726, and authorities cited; 11 Cyc., p. 28, note 30. (3) Defendant in this case did not plead a number of separate and distinct defenses, "several matters" to use the language of the statute, but a single counterclaim upon which a verdict was returned and judgment rendered in his favor. The statute does not, therefore, apply to the facts in this case, even were the action *ex contractu.* R. S. 1899, secs. 1547-1549; Lumber Co. v. Tiede & Co., 130 Mo. App. 269; DuPont v. McLaran, 61 Mo. 502, 511; 11 Cyc., p. 30 (c). (4) If the amount allowed as setoff or counterclaim, exceeds the amount allowed on plaintiff's demand, defendant is entitled to costs. 2 Cyc., p. 31; Gordordon v. Steinmetz, 71 Ohio St. 372, 73 N. E. 512; Eastman v. Holderness, 44 N. H. 18; Block v. Creditors (La. Ann.), 16 So. 272; Smith v. Building Assn., 119 N. C. 249, 26 S. E. 41; McCormack Harv. Co. v. Gilkey, 23 S. W. 325.

JOHNSON, J.—Plaintiff appealed from an order overruling his motion to retax costs. The action was

for fraud in the sale and exchange of a telephone plant owned by defendant for real estate owned by plaintiff. Damages in the sum of $7500 were claimed. Defendant answered and then pleaded a counterclaim consisting of several .items, among them, one for damages in the sum of $2000. A trial to a jury resulted in the verdict: "We the jury find the issues for the plaintiff and assess his damages in the sum of $1250, and we find in favor of the defendant on the first item of his counterclaim in the sum of $2000." The court rendered judgment for defendant for $750, the amount 'of the difference in the award to each party, and for costs of suit. Plaintiff's motion to retax states the following grounds:

"*First.* Because the same were erroneously taxed against the plaintiff. *Second.* Because under the verdict of the jury rendered in this cause plaintiff is entitled to recover his costs of and from the defendant. *Third.* Because the plaintiff having sustained his cause of action and obtained a substantial judgment against defendant is entitled to recover his costs herein of and from the defendant."

The court heard the motion and overruled it. Plaintiff argues that since he recovered on his petition, he should have judgment for his costs and that defendant should have judgment only for the costs he incurred in maintaining his counterclaim; that both plaintiff and defendant are prevailing parties within the meaning of section 1547, Revised Statutes 1899, the plaintiff as to the cause alleged in the petition, and the defendant as to the cause pleaded in his counterclaim; and that the court in the proper exercise of the discretion conferred by statute, sections 1549 and 1550, should have apportioned the costs. Defendant argues that there can be but one prevailing party—the one entitled to a judgment under the pleadings and verdict and that sections 1549 and 1550 do not apply, for the reason that this is an action *ex delicto,* and, conse-

quently, is controlled by the provisions of section 1552. The question at issue must be solved by the construction of the various sections of the statute to which we shall refer. Since the net result of the trial of the case was a judgment for defendant, no costs should be taxed against him unless the statute gives plaintiff the right to recover his costs. Section 1547 of the statutes provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

There can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score, but the one with the most points at the end of the contest is the winner, and under the section quoted is entitled to recover his costs *"except in those cases in which a different provision is made by law."* The excepted cases are those mentioned in sections 1549 and 1550. The first of these sections provides: "If a verdict shall be found on any issue in the case for plaintiff, costs shall be given at the discretion of the court." And the second provides that "if a verdict on any issue joined thereon shall be found for the defendant costs shall be awarded at the discretion of the court." The clause "on any issue in the case" is very comprehensive. The term "case" includes all the issues presented by the parties for judicial inquiry and determination. It embraces the issues tendered by the counterclaim of the defendant as well as those tendered by the petition. The statutes (sec. 1549) declares that if the *verdict,* not the judgment, is for the plaintiff on any of the issues the court shall have and exercise a discretion in the taxing of costs.

We come now to the section invoked by defendant

(1552) which is as follows: "In all actions not founded on contract the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his costs." In construing this section the courts of this State have held that sections 1549 and 1550 have no application to actions *ex delicto;* that in such cases the plaintiff is entitled to his costs if he recover on any count of his petition in any amount, however small, and that the court has no discretion to exercise or power to apportion the costs. [Sec. 1552, Revised Statutes 1899; Acks v. Ball, 14 Mo. l. c. 398; Vineyard v. Lynch, 86 Mo. 684; Bybee v. Irons, 33 Mo. App. l. c. 662; Haseltine v. Railroad, 39 Mo. App. l. c. 440; Lamm v. Railway, 127 Mo. App. 726; Dupont v. McLaran, 61 Mo. l. c. 511; Lumber Co. v. Tiede & Co., 130 Mo. App. 269; Cyc. 11, p. 31.]

Since the action before us is not founded on contract, we agree with defendant that it is governed by the statute last quoted and that the court had no discretion to exercise. We think the word "recover" refers to instances where the plaintiff is entitled to a judgment and not to cases where he prevails as to certain issues, but on the whole case suffers a judgment against him. Our analysis of the statutes convinces us that the proper rule to be applied in this case is that stated in the following excerpt from the Cyclopedia of Law and Procedure, vol. 11, p. 31: "Where a setoff or counterclaim has been filed and allowed, wholly or in part, the party in whose favor final judgment is rendered will be entitled to costs in the absence of some special statutory provision changing the general rule which gives costs to the prevailing party. In other words, plaintiff is entitled to costs if he has judgment for an amount in excess of the setoff or counterclaim allowed. By parity of reasoning, if the amount allowed as setoff or counterclaim exceeds the amount allowed on plaintiff's demand, defendant is entitled to costs."

The judgment is affirmed. All concur.