# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1506
_____

DocMagic, Inc.

*Plaintiff - Appellant*

v.

The Mortgage Partnership of America, L.L.C.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2013
Filed: September 4, 2013

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

DocMagic, Inc. ("DocMagic"), a California corporation, and Mortgage Partnership of America, L.L.C. ("Lenders One"), a Missouri limited liability company, entered into a service contract ("Agreement"), which included a provision that should a dispute arise, the prevailing party would receive attorneys' fees, other costs, and expenses. DocMagic filed various claims against Lenders One stemming

from the parties' Agreement, and Lenders One filed various counterclaims. Both parties succeeded on some of their respective claims. Based on the amount of the award and the number of claims it succeeded on, the district court[1] found Lenders One to be the prevailing party and awarded it attorneys' fees and costs. DocMagic appeals, seeking reversal of the district court's prevailing-party determination. We affirm.

## I. *Background*

DocMagic is a "provider of mortgage loan document preparation software used in the preparation of, among other things, pre-disclosures and closing documents." Lenders One "provides mortgage products and services, related products and services on a cooperative basis to [its] Members." In October 2008, DocMagic and Lenders One entered into an agreement whereby Lenders One agreed to "supply DocMagic with a list of all current Members" and "refer, market and promote" DocMagic's products and services to Lenders One's Members.

The Agreement between Lenders One and DocMagic stated in relevant part:

18. Applicable law, Jurisdiction and Venue: For any legal action arising from or relating to this Agreement in any way, jurisdiction shall be vested solely in the state and federal courts located in the Eastern District of St. Louis, Missouri, and the validity, meaning and effect of this Agreement shall be determined in accordance with the laws of the State of Missouri without regard to principles of conflicts of laws.

19. Attorneys' Fees: In the event of any dispute with respect to or relating to this Agreement in any way, the prevailing Party shall be entitled to reasonable legal fees and other costs and expenses incurred

---

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

in resolving such dispute, in addition to any other relief to which that
Party may be entitled.

DocMagic filed suit against Lenders One, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, rescission, unjust enrichment, tortious interference, and fraud in the inducement. DocMagic also sought a declaratory judgment that it was not obligated to pay Lenders One a marketing fee. Lenders One answered DocMagic's complaint, denying all of DocMagic's claims and asserting certain affirmative defenses. It also asserted counterclaims against DocMagic for breach of contract and unjust enrichment, and sought a declaratory judgment that DocMagic was required to pay marketing fees to Lenders One "on all DocMagic's revenues generated from sale of products and services to [Lenders One] [m]embers, not just new DocMagic customers." Lenders One then moved for summary judgment on its breach-of-contract counterclaim and on all of DocMagic's claims. The district court denied summary judgment to Lenders One on its counterclaims and all of DocMagic's claims, except that the court found as a matter of law "that DocMagic was required to pay a ten[-]percent marketing fee for Products and Services purchased by Lender[s] One's Members who were DocMagic's pre-existing customers." *DocMagic, Inc. v. Mortgage P'ship of Am., L.L.C.*, No. 4:09CV1779MLM, 2011 WL 2462196, at *4 (E.D. Mo. June 17, 2011).

Following the court's summary-judgment order, the case proceeded to trial on the remaining claims. The jury found in favor of Lenders One on DocMagic's claims for (1) breach of the Agreement; (2) evading the spirit of the Agreement; (3) denying DocMagic the expected benefit of the Agreement; (4) misrepresentation regarding marketing and promoting DocMagic's products; and (5) misrepresentation that DocMagic would get a majority of the 20,000 loans closed per month. The jury found in favor of DocMagic on its claim that Lenders One refused to allow DocMagic to attend a conference but awarded zero dollars. It also ruled for DocMagic on its claim

against Lenders One for fraud in the inducement. On that claim, the jury awarded DocMagic $243,000.

Lenders One prevailed on its counterclaims against DocMagic for (1) breach of the Agreement by failing to give accurate monthly sales reports and (2) breach of the Agreement for failing to pay the ten percent marketing fee and was awarded $52,500 for the breach-of-the-contract claim. In summary, the jury found in favor of DocMagic on only two of its seven claims, while it found in favor of Lenders One on both of its counterclaims against DocMagic. Both parties moved for attorneys' fees, expenses, and costs as the prevailing party, and the district court found that Lenders One was the prevailing party. The court ordered DocMagic to pay Lenders One $445,615 in attorneys' fees, $9,298.19 in expenses, and $3,188.90 in costs. DocMagic had sought $458,986.50 in attorneys' fees and $56,072.95 in expenses and costs, and $3,977.02 in taxable costs.

In its post-trial memorandum opinion and order the district court construed the attorneys' fees clause in the Agreement to be broad enough to include DocMagic's fraud-in-the-inducement claim. *DocMagic, Inc. v. Mortgage P'ship of Am., L.L.C.*, No. 4:09CV1779MLM, 2012 WL 263091, at *11 (E.D. Mo. Jan. 30, 2012). The court then concluded that, under Missouri law, a trial court must award attorneys' fees to the prevailing party should the contract between the parties include an attorneys' fees provision. *Id.* (citing *Schnucks Carrollton Corp. v. Bridgeton Health and Fitness Inc.*, 884 S.W.2d 733, 739 (Mo. Ct. App. 1994)). To determine the prevailing party, the district court looked to *Ken Cucchi Constr., Inc. v. O'Keefe* for the Missouri rule that a "'prevailing party is the party prevailing on the main issue in dispute, even though not necessarily to the extent of its original contention.'" 973 S.W.2d 520, 528 (Mo. Ct. App. 1998). The court also noted that Missouri law "places just as much emphasis [on] successfully defending claims as they do on successfully prosecuting them." *DocMagic, Inc.*, 2012 WL 263091, at *11.

The district court then observed that both sides recovered damages on their contract claims, causing an offset of the damages awarded. *Id*. at *12. Adopting Lenders One's view of the law, the court deemed it appropriate to consider the relative amount of each side's award as a factor. *Id*. The court also considered "the number of claims successfully prosecuted or defended, the amount of recovery in proportion to damages sought[,] and . . . who prevailed on the [m]ain [i]ssues." *Id*. (quotation omitted). The district court found that the breach of the Agreement was the "main issue" in dispute. *Id*. at *11. The court pointed out that Lenders One, as the defendant, prevailed by defeating five of DocMagic's seven claims on summary judgment, and Lenders One prevailed on both of its own counterclaims at trial. *Id*. DocMagic, on the other hand, prevailed on only two of its seven claims and received damages on only one—the fraud-in-the-inducement claim. *Id*. The court further noted that Lenders One recovered 58 percent of its claimed damages, whereas DocMagic[2] recovered only seven percent of what it sought. *Id*. at *11 n.5. After weighing the factors, the court concluded that "Lenders One is the prevailing party and shall recover its attorneys fees pursuant to the Agreement." *Id*. at *12.

## II. *Discussion*

On appeal, DocMagic contends that the district court erred in awarding Lenders One attorneys' fees, expenses and costs and in declining to award attorneys' fees, expenses, and costs. DocMagic raises four arguments on appeal. First, DocMagic contends that the district court erred because "the parties' agreement requires a determination that DocMagic was the prevailing party." Second, DocMagic argues that Lenders One could not be the prevailing party because it was awarded "$190,500.00 less than the total monetary judgment awarded to DocMagic." Third, DocMagic avers that the district court should have awarded DocMagic its costs and

---

[2]The district court noted that DocMagic had initially sought approximately $4,000,000.00 on its fraud-in-the-inducement claim, whereas Lenders One sought approximately $90,515.00.

denied Lenders One the same because DocMagic was the prevailing party. Fourth, DocMagic asserts that the district court "mischaracterized the extent to which Lenders One successfully defended [itself against] DocMagic's claims, and even if DocMagic was not a prevailing party, the district court should not have found Lenders One to be the prevailing party."

For its part, Lenders One argues that "there is only a single issue involved in this appeal, to-wit: Did the District Court err in finding that Lenders One is the prevailing party for purposes of an award of attorney's fees, expenses and costs?"

## A. *Standard of Review*

As an initial matter, we address the appropriate standard of review. The parties put forth competing views of our standard of review, each choosing a standard favorable to their arguments. DocMagic seeks de novo review, while Lenders One prefers an abuse-of-discretion standard. Both parties misstate aspects of the applicable standard, which involves both factual and legal determinations by the district court. Our cases are fairly clear on this issue. As we have previously stated:

> [W]e review de novo the legal question of whether a litigant is a prevailing party. *See Pottgen v. Missouri State High Sch. Activities Ass'n*, 103 F.3d 720, 723 (8th Cir. 1997); *St. Louis Fire Fighters Ass'n v. St. Louis*, 96 F.3d 323, 330 (8th Cir. 1996). *Accord Church of Scientology v. City of Clearwater*, 2 F.3d 1509, 1512–13 (11th Cir.1993) ("We review the factual findings underlying a district court's determination regarding 'prevailing party' status for clear error . . . . Whether the facts as found suffice to render the plaintiff a 'prevailing party' is a legal question reviewed de novo."), *cert. denied*, 513 U.S. 807, 115 S. Ct. 54, 130 L. Ed. 2d 13 (1994). In *Association for Retarded Citizens v. Schafer*, 83 F.3d 1008 (8th Cir.), *cert. denied*, 519 U.S. 993, 117 S. Ct. 482, 136 L. Ed. 2d 376 (1996), we stated that we reviewed fee awards for an abuse of discretion, "or an error in implementing the governing legal standards." *Id*. at 1010 (quotation omitted). The Supreme Court has defined and applied the test for

prevailing party status in unmistakably legal terms: "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494 (1992). Thus, while abuse of discretion governs in reviewing fee awards, the question of prevailing party status, a statutory term, presents a legal issue for decision, which we review de novo.

*Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 713 (8th Cir. 1997).

In sum, we review de novo the threshold and, in this case, decisive legal question of which litigant is the prevailing party. We review for an abuse of discretion the district court's actual award of fees and costs. Although *Jenkins* dealt with a prevailing party under a statutory fee allocation scheme, unless otherwise agreed, the same standard would apply for a prevailing-party determination in a contractual context.

## B. *Prevailing Party*

"If a contract provides for the payment of attorneys' fees and expenses incurred in the enforcement of a contract provision, the trial court must comply with the terms of the contract and award them to the prevailing party." *Clean Uniform Co. St. Louis v. Magic Touch Cleaning, Inc.*, 300 S.W.3d 602, 612 (Mo. Ct. App. 2009) (citing *Sheppard v. East*, 192 S.W.3d 518, 523 (Mo. Ct. App. 2006). The critical issue in this appeal is whether DocMagic or Lenders One is the prevailing party for purposes of awarding attorneys' fees and costs under paragraph 19 of the Agreement.

Paragraph 18 of the Agreement clearly states that "the validity, meaning and effect of this Agreement shall be determined in accordance with the laws of the State of Missouri." "Under Missouri law we must enforce a contract as written and according to the plain meaning of the words in the contract when the contract is clear

and unambiguous." *Farmland Indus., Inc. v. Frazier-Parrott Commodities*, 111 F.3d 588, 590 (8th Cir. 1997). Since the Agreement also clearly states that legal fees, other costs, and expenses shall be awarded to the "prevailing [p]arty" but does not define the term "prevailing [p]arty," this court must look to Missouri law for the interpretation of this term. *See Kan. City Life Ins. Co. v. Wells*, 133 F.2d 224, 224 (8th Cir. 1943). "A 'prevailing party' is one who obtains a judgment from the court, regardless of the amount of damages." *Brooke Drywall of Columbia, Inc. v. Bldg. Constr. Enters., Inc.*, 361 S.W.3d 22, 27 (Mo. Ct. App. 2011) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)).

The parties have identified two different analytical approaches for determining a prevailing party under Missouri law. The first approach—"main-issue analysis"—turns on which party is "the party prevailing on the main issue in dispute, even though not necessarily to the extent of its original contention." *Ken Cucchi Constr.*, 973 S.W. 2d at 528 (citing *Birdsong v. Bydalek*, 953 S.W.2d 103, 124 (Mo. Ct. App. 1997)). The second approach—"net-prevailing-party analysis"—essentially arithmetically calculates which party received "'the most points'" and "'at the end of the contest [declares] [it] the winner.'" *Weitz Co. v. MH Washington*, 631 F.3d 510 (8th Cir. 2011) (quoting *Ozias v. Haley*, 125 S.W. 556, 557 (Mo. Ct. App. 1910)). The net-prevailing-party analysis, as construed by DocMagic, would turn on who got the most money in the case. However, neither *Weitz* or *Ozias* seem to limit the "points scored" to dollars awarded.

*Ozias* involved a fraud action by the plaintiff against the defendant related to a business transaction. 125 S.W. at 556. The plaintiff sued for $7,500. *Id*. The defendant counterclaimed for $2,000 in damages. *Id*. After trial, the jury awarded plaintiff $1,250 in damages in the fraud case, but it also awarded the defendant the full $2,000 for his counterclaim. *Id*. In an appeal by the plaintiff to require the lower court to re-compute the costs taxed, the Missouri Court of Appeals declined to do so.

-8-

*Id*. The court construed the applicable Missouri statute,[3] which entitled a "'plaintiff [who] recover[s] any damages [to] . . . recover his costs.'" *Id*. at 557 (quoting Mo. Rev. Stat. § 1552 (1899)). The court concluded that no costs should be taxed to the defendant "[s]ince the net result of the trial of the case was a judgment for defendant . . . unless the statute gives plaintiff the right to recover his costs." *Id*. The court then interpreted the statute to give the trial court discretion to tax costs for the plaintiff only if the plaintiff wins the verdict—not the judgment. *Id*. The court went on to distinguish other statutes and concluded that the plaintiff was not entitled to costs because the statute gave the court no discretion to award them where the plaintiff suffered a judgment "on the whole case" despite prevailing as to certain issues. *Id*.

The court in *Weitz* was tasked with identifying the prevailing party to determine if attorneys' fees were recoverable under the Missouri Prompt Payment statute in a complex commercial case where both sides claimed some success. 631 F.3d at 528. Following trial, the jury awarded the plaintiff $981,976 against the defendant. The defendant, in turn, received a jury award of $285,400 on its counterclaim. *Id*. at 516. We determined that the plaintiff "was the prevailing party against [the defendant] under Missouri law, because it was the net prevailing party." *Id*. at 530. In affirming the district court, this court cited *Ozias* approvingly for the proposition that the prevailing party is the party in whose favor the verdict compels a judgment. *Id*. The court concluded there was no abuse of discretion in awarding attorneys' fees under the statute. *Id*.

Curiously, both the main-issue approach and net-prevailing-party approach trace their lineage to *Ozias*. *See Birdsong*, 953 S.W. 2d at 124. In *Birdsong*, following complex litigation flowing from a real estate deal, the trial court awarded a defendant

---

[3]"In all actions not founded on contract the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his costs." Mo. Rev. Stat. § 1552 (1899).

its attorneys' fees as a prevailing party. *Id*. The defendant successfully defended a breach of contract claim despite the plaintiff's success in achieving an order of specific performance. *Id*. In declaring a prevailing party for purposes of assignment of attorneys' fees under the contract the trial court took the totality of the litigation into account including the defendant's success against the breach of contract claims. *Id*. The Missouri Court of Appeals approved the approach and noted that the trial court's decision to award attorneys' fees to its designated prevailing party should be affirmed "whether the phrase 'prevailing party' is measured by the BLACK'S LAW DICTIONARY definition[—the main-issue approach—]or is analyzed under *Ozias*"—the net-prevailing-party approach. *Id*. at 124–25.

In the instant case, Lenders One successfully defended against DocMagic's claims regarding (1) breach of the Agreement; (2) evading the spirit of the Agreement; (3) denying the expected benefit of the Agreement; (4) misrepresentation regarding marketing and promotion of DocMagic's products; and (5) misrepresentation that DocMagic would get a majority of the 20,000 loans closed per month. Lenders One also succeeded on its counterclaims against DocMagic for (1) breach of the Agreement by failing to give accurate monthly sales reports and (2) breach of the Agreement for failing to pay the ten-percent marketing fee. The district court awarded Lenders One $90,515.00 on its counterclaim for breach of contract; $445,615.00 in attorneys' fees; $9,298.19 in expenses; and $3,188.90 for costs. The court also denied DocMagic's motion for new trial, alternative motion for additur, and motion for bill of costs.

In the aggregate, DocMagic had limited success on its claims that (1) Lenders One refused to allow DocMagic to attend a conference and (2) Lenders One committed fraud in the inducement. As the district court noted, DocMagic had "claimed approximately $4,000,000.00 in damages" but received $515,059.45 for the misrepresentation. *DocMagic, Inc.*, 2012 WL 263091, at \*11 n.5.

The district court opted for a "main-issue" approach and concluded that both the "relative amount of the award" and the "number of claims successfully prosecuted or defended" are important factors in determining who prevails on the main issue. *Id.* at \*12. On review, we do not believe it necessary for us to resolve the tension in Missouri cases between the main-issue and net-prevailing-party approaches. Like the court in *Birdsong*, we hold that "the trial court did not err in concluding that [Lenders One] was the 'prevailing party' as between it and [DocMagic] . . . [regardless of] whether the phrase 'prevailing party' is measured by the [main-issue or net-prevailing-party analysis]." *See* 953 S.W.2d at 124–25. The district court's memorandum opinion and order disposing of all post-trial motions listing the relief granted and denied shows that the court considered the totality of the case and reasonably determined "the" prevailing party for purposes of the parties' contract. We are not convinced to alter the court's order on appeal. Because we conclude that the district court did not err in designating Lenders One as the prevailing party, we need not address DocMagic's remaining issues.[4]

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

---

[4]DocMagic also argues for the first time on appeal that main-issue analysis to determine the prevailing party should not be utilized in a case with a broad attorneys' fees provision, such as the instant case. DocMagic asserts that even applying main-issue analysis, its fraud-in-the-inducement judgment was directly related to the Agreement. It asserts that disputes regarding the Agreement also included "negotiations immediately prior to the execution of the Agreement." DocMagic argues that the district court erred in finding that the main issue in the case was breach of the Agreement and that fraud in the inducement was not a main issue. Because this assignment of error is raised for the first time on appeal we decline to address it. *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 n.4 (8th Cir. 2012).

BYE, Circuit Judge, dissenting.

In my view, a provision for attorneys' fees in a commercial contract is generally intended not to reward the "winner" of a case, but to compensate a wronged party for having to resort to litigation to enforce its contractual rights. I am deeply troubled by the invocation of such a contract provision by a party found by a jury to have breached another portion of the same contract. Moreover, where both parties have engaged in mutual wrongdoing, I cannot believe the parties would have intended such a provision to reward the greater wrongdoer.

The majority avers that under either analytical approach—main-issue or net-prevailing-party—Lenders One emerges victorious; it successfully litigated more claims and recouped a higher percentage of claimed damages. As the majority acknowledges, however, the net-prevailing-party approach recognizes the party which received "the most points" as the prevailing party. See Weitz Co. v. MH Washington, 631 F.3d 510, 530-31 (8th Cir. 2011). Traditionally—and, notably, in the case of Weitz—this language has been read to refer to the party receiving the larger jury award. See Weitz Co. v. MH Washington, No. 09-311, Order Granting Mot. Atty's Fees Sep. 2, 2009 ("In the present case, a contract action, Weitz'[s] verdict against TDG was for $223,813 while TDG's verdict against Weitz was for $88,508, thus Weitz is the prevailing party."); Solter v. P.M. Place Stores, Co., Inc., 748 S.W.2d 919, 923 (Mo. Ct. App. 1988) ("Each party prevailed on certain issues in this case and each party lost on certain issues. The net result, however, was a money judgment to respondent's favor.").

In support of its assertion that Lenders One may be declared the prevailing party under the net-prevailing-party approach, the majority asserts that "neither *Weitz* or *Ozias* seem to limit the 'points scored' to dollars awarded." Ante at 8. I disagree. Ozias v. Haley concludes as follows:

Our analysis of the statutes convinces us that the proper rule to be applied in this case is that stated in the following excerpt from the Cyclopedia of Law & Procedure, vol. 11, p. 31: "Where a set-off or counterclaim has been filed and allowed, wholly or in part, the party in whose favor final judgment is rendered will be entitled to costs in the absence of some special statutory provision changing the general rule which gives costs to the prevailing party. In other words, *plaintiff is entitled to costs if he has judgment for an amount in excess* of the set-off or counterclaim allowed. By parity of reasoning, if the amount allowed as set-off or counterclaim exceeds the amount allowed on plaintiff's demand, defendant is entitled to costs."

125 S.W. 556, 557 (Mo. Ct. App. 1910) (emphasis added). In my view, Ozias explicitly embraces a monetary appraisal when employing the net-prevailing-party approach. Accordingly, I believe under this approach, we must recognize DocMagic as the prevailing party, and thus, each party can credibly invoke Missouri precedent to claim prevailing-party status.

Our court settled a nearly identical dispute in Walton General Contractors, Inc./Malco Steel, Inc. v. Chicago Forming, Inc., in which a contractor and subcontractor each claimed entitlement to attorneys' fees under a construction agreement. 111 F.3d 1376 (8th Cir. 1997). A jury returned verdicts in favor of each party, finding (1) the contractor liable for $352,408 in damages to the subcontractor and (2) the subcontractor liable for $233,629 in damages to the contractor. Id. at 1380. The parties' agreement entitled the "prevailing party" to recover attorneys' fees, costs, and expenses. Id. at 1381. Applying Missouri law, the magistrate judge "declined to find either party a 'prevailing party' and enforce an attorneys' fee clause in the contract both parties saw fit to breach." Id. at 1384 (internal quotation omitted). On appeal, the contractor argued it had prevailed on the "significant" issues of the litigation, while the subcontractor argued its larger damage award rendered it the prevailing party under a "net judgment rule." Id. Our court affirmed the non-award, concluding "the parties intended the attorneys' fees provision of the

subcontract to provide an additional remedy for a *nonbreaching* party." <u>Id.</u> at 1385 (emphasis added).

Our determination in <u>Walton</u> that a non-award of attorneys' fees did not amount to an abuse of discretion does not, without more, compel the conclusion that the district court's award of attorneys' fees here amounts to an abuse of discretion. The tie-breaker, so to speak, sounds in equity. The $243,000 awarded to DocMagic represents two related, but distinct concepts: (1) the amount of losses suffered by DocMagic, which necessarily translates into (2) the total damage found to have been inflicted upon DocMagic by Lenders One. Thus, while $243,000 constitutes a small percentage of the total losses sought by DocMagic, it also reflects Lenders One's infliction of nearly six times the damage ultimately attributed to DocMagic by the jury. What the district court and majority fail to acknowledge is that, despite successfully litigating more claims, Lenders One also perpetrated the greater wrong against DocMagic.

Where contract language is ambiguous, the court is charged with the task of crafting an interpretation consistent with the parties' intent. <u>See</u> <u>Grantham v. Rockhurst Univ.</u>, 563 S.W.2d 147, 150 (Mo. Ct. App. 1978) ("In construing ambiguous contracts the objective is to ascertain and render effective the mutual intent of the parties."). Where, as here, it is clear both parties have engaged in wrongdoing, I cannot believe the parties intended their agreement to reward the greater wrongdoer. Thus, imposing upon DocMagic nearly one million dollars in combined attorneys' fees for having perpetrated a total of $52,500 in damages—when DocMagic itself suffered a $243,000 loss at the hands of Lenders One—seems legally unfounded and logically untenable. Utilizing our rationale from <u>Walton</u>, I would name neither party in this case the prevailing party and leave each to pay its own litigation expenses.

For the foregoing reasons, I respectfully dissent.

_____

-14-