BYE, Circuit Judge,
dissenting.
In my view, a provision for attorneys’ fees in a commercial contract is generally intended not to reward the “winner” of a case, but to compensate a wronged party for having to resort to litigation to enforce its contractual rights. I am deeply troubled by the invocation of such a contract provision by a party found by a jury to have breached another portion of the same contract. Moreover, where both parties have engaged in mutual wrongdoing, I cannot believe the parties would have intended such a provision to reward the greater wrongdoer.
The majority avers that under either analytical approach—main-issue or net-prevailing-party—Lenders One emerges victorious; it successfully litigated more claims and recouped a higher percentage of claimed damages. As the majority acknowledges, however, the net-prevailing-party approach recognizes the party which received “the most points” as the prevailing party. See Weitz Co. v. MH Washington, 631 F.3d 510, 530-31 (8th Cir.2011). Traditionally—and, notably, in the case of Weitz —this language has been read to refer to the party receiving the larger jury award. See Weitz Co. v. MH Washington, No. 09-311, Order Granting Mot. Atty’s Fees Sep. 2, 2009 (“In the present case, a contract action, Weitz’[s] verdict against TDG was for $223,813 while TDG’s verdict against Weitz was for $88,508, thus Weitz is the prevailing party.”); Solter v. P.M. Place Stores, Co., Inc., 748 S.W.2d 919, 923 (Mo.Ct.App.1988) (“Each party prevailed on certain issues in this case and each party lost on certain issues. The net result, however, was a money judgment to respondent’s favor.”).
In support of its assertion that Lenders One may be declared the prevailing party under the net-prevailing-party approach, the majority asserts that “neither Weitz or Ozias seem to limit the ‘points scored’ to dollars awarded.” Ante at 813. I disagree. Ozias v. Haley concludes as follows:
Our analysis of the statutes convinces us that the proper rule to be applied in this case is that stated in the following excerpt from the Cyclopedia of Law & Procedure, vol. 11, p. 31: “Where a set-off or counterclaim has been filed and allowed, wholly or in part, the party in whose favor final judgment is rendered will be entitled to costs in the absence of some special statutory provision changing the general rule which gives costs to the prevailing party. In other words, plaintiff is entitled, to costs if he has judgment for an amount in excess of the set-off or counterclaim allowed. By parity of reasoning, if the amount allowed as set-off or counterclaim exceeds the amount allowed on plaintiffs demand, defendant is entitled to costs.”
141 Mo.App. 637, 125 S.W. 556, 557 (1910) (emphasis added). In my view, Ozias explicitly embraces a monetary appraisal when employing the net-prevailing-party approach. Accordingly, I believe under this approach, we must recognize DocMagic as the prevailing party, and thus, each *816 party can credibly invoke Missouri precedent to claim prevailing-party status.
Our court settled a nearly identical dispute in Walton General Contractors, Inc./Malco Steel, Inc. v. Chicago Forming, Inc., in which a contractor and subcontractor each claimed entitlement to attorneys’ fees under a construction agreement. 111 F.3d 1376 (8th Cir.1997). A jury returned verdicts in favor of each party, finding (1) the contractor liable for $352,408 in damages to the subcontractor and (2) the subcontractor liable for $233,629 in damages to the contractor. Id. at 1380. The parties’ agreement entitled the “prevailing party” to recover attorneys’ fees, costs, and expenses. Id. at 1381. Applying Missouri law, the magistrate judge “declined to find either party a ‘prevailing party’ and enforce an attorneys’ fee clause in the contract both parties saw fit to breach.” Id. at 1384 (internal quotation omitted). On appeal, the contractor argued it had prevailed on the “significant” issues of the litigation, while the subcontractor argued its larger damage award rendered it the prevailing party under a “net judgment rule.” Id. Our court affirmed the nonaward, concluding “the parties intended the attorneys’ fees provision of the subcontract to provide an additional remedy for a non-breaching party.” Id. at 1385 (emphasis added).
Our determination in Walton that a non-award of attorneys’ fees did not amount to an abuse of discretion does not, without more, compel the conclusion that the district court’s award of attorneys’ fees here amounts to an abuse of discretion. The tie-breaker, so to speak, sounds in equity. The $243,000 awarded to DocMagic represents two related, but distinct concepts: (1) the amount of losses suffered by Doc-Magic, which necessarily translates into (2) the total damage found to have been inflicted upon DocMagic by Lenders One. Thus, while $243,000 constitutes a small percentage of the total losses sought by DocMagic, it also reflects Lenders One’s infliction of nearly six times the damage ultimately attributed to DocMagic by the jury. What the district court and majority fail to acknowledge is that, despite successfully litigating more claims, Lenders One also perpetrated the greater wrong against DocMagic.
Where contract language is ambiguous, the court is charged with the task of crafting an interpretation consistent with the parties’ intent. See Grantham v. Rockhurst Univ., 563 S.W.2d 147, 150 (Mo.Ct.App.1978) (“In construing ambiguous contracts the objective is to ascertain and render effective the mutual intent of the parties.”). Where, as here, it is clear both parties have engaged in wrongdoing, I cannot believe the parties intended their agreement to reward the greater wrongdoer. Thus, imposing upon DocMagic nearly one million dollars in combined attorneys’ fees for having perpetrated a total of $52,500 in damages—when DocMagic itself suffered a $243,000 loss at the hands of Lenders One—seems legally unfounded and logically untenable. Utilizing our rationale from Walton, I would name neither party in this case the prevailing party and leave each to pay its own litigation expenses.