# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2974
_____

Safelite Group, Inc.; Safelite Solutions LLC

*Plaintiffs - Appellees*

v.

Michael Rothman, in his official capacity as the Commissioner of the Minnesota Department of Commerce

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 17, 2018
Filed: January 17, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Rothman, acting in his official capacity as the Commissioner of the Minnesota Department of Commerce ("DOC"), appeals the district court's[1] award of attorneys' fees and costs. We affirm.

Safelite Group, Inc. and Safelite Solutions LLC (collectively "Safelite") provide automobile glass replacement and repair and claims administration services for insurance companies. As a claims processor for its insurance clients, Safelite manages a network of repair shops (the "network") that must adhere to certain pricing terms for repair work. When an insured calls to report an auto-glass claim, Safelite uses phone scripts to advise insureds that their claim may not be fully covered if they use non-network glass vendors and that they may not receive a warranty for work performed by non-network glass vendors. After recommending a vendor to the insured, the script provides the insured a mandatory advisory per Minn. Stat. § 72A.201 subd. 6(14): "Minnesota law gives you the right to go to any glass vendor you choose, and prohibits me from pressuring you to choose a particular vendor."

Minnesota law contains an anti-coercion provision that prohibits Safelite from "engaging in any act or practice of intimidation, coercion, threat, incentive, or inducement for or against an insured to use a particular company or location to provide the motor vehicle glass repair or replacement services or products." *See* Minn. Stat. § 72A.201 subd. 6(16). In 2014, the DOC opened a formal investigation regarding Safelite's practices and in 2015 entered into a consent order with Auto Club Group, Inc. ("AAA"), one of Safelite's insurance-company clients. This consent order concluded that Safelite's scripts violated Minnesota's mandatory advisory and anti-coercion provisions. The consent order required that AAA terminate Safelite as its claims administrator in Minnesota.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

-2-

In 2015, Safelite filed a lawsuit challenging the consent order. *See* 42 U.S.C. § 1988. It sought a declaratory judgment that the DOC's enforcement of Minn. Stat.§ 72A.201 violated the First Amendment and the dormant Commerce Clause, that the consent order's provision forcing AAA to terminate Safelite as its claims administrator violated the Due Process Clause of the Fourteenth Amendment, and that Safelite was entitled to attorneys' fees. Safelite requested a permanent injunction prohibiting the DOC from enforcing Minn. Stat.§ 72A.201 to deprive Safelite of its constitutional rights and an order requiring that the DOC agree to dissolve or not enforce the consent order. Safelite retained Kirkland & Ellis LLP to serve as lead counsel and hired Fredrikson & Byron, P.A. and Jones Day to assist with the litigation.

A partial settlement provided Safelite relief on its due process claim and allowed Safelite to use the warranty language in its scripts. Litigation continued on the remaining issues, and Safelite moved for summary judgment. The district court denied Safelite's challenge to Minnesota's mandatory advisory language but ruled that the consent order "violates the First Amendment" and is unenforceable. The court enjoined the DOC from enforcing the consent order or Minnesota's anti-coercion provision "so as to prohibit [Safelite] from providing insureds with truthful information about the possibility that insureds may be billed by particular repair shops for amounts above what their insurance company is willing to pay." Because the district court granted Safelite its requested relief regarding the consent order solely on First Amendment grounds, no ruling was necessary on the dormant Commerce Clause claim.

Safelite filed a motion seeking $1,912,551.06 in attorneys' fees and $54,321.21 in nontaxable costs. *See* 42 U.S.C. § 1988(b). The DOC challenged the amount of Safelite's requested fees and argued that Safelite could not recover its fees for work on its challenge to the mandatory advisory language because it was not the prevailing party on that issue. The district court awarded Safelite $892,124.20 in attorneys' fees

and $49,410.47.00 in nontaxable costs. The DOC appealed, arguing that the district court abused its discretion by (1) reducing the claim by only 15% to account for time spent on non-prevailing claims, (2) reducing the claim by only 5% to account for general overbilling and failing to make a specific reduction for excessive oral argument preparation time, and (3) allowing time and expenses for travel by New York-based attorneys to Minneapolis.

We review a district court's award of fees and costs for abuse of discretion. *DocMagic, Inc. v. Mortg. P'ship of Am., L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013). "The amount of the fee must be determined on the facts of each case, and the district court has wide discretion in making this determination." *Rogers v. Kelly*, 866 F.2d 997, 1001 (8th Cir. 1989). Here, we find no abuse of discretion. First, the district court's fee award was less than 50% of Safelite's requested amount, due in large part to the application of local rates to out-of-state counsel. The district court agreed with the DOC that Safelite could not recover its fees for work challenging the mandatory advisory requirement because that claim was "largely unrelated to Safelite's prevailing claim." Rather than "identify and then eliminate the hours spent on non-compensable claims," the court "simply reduce[d] the award to account for the plaintiff's limited success." *See H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). When a plaintiff obtains overall, but not complete, relief, "[t]here is no precise rule or formula" for an appropriate award. *Hensley v. Eckerhart*, 461 U.S. 424, 434-36 (1983). Safelite prevailed on the most important issue in the litigation, namely the enforceability of the consent order and Safelite's ability to use certain language in phone scripts to distinguish its network of glass shops from non-network shops. The district court's 15% reduction to account for work on Safelite's non-prevailing claims was within its discretion and appropriately accounted for work on the non-prevailing claims while reflecting Safelite's overall success.

Second, the DOC urges additional reductions for overbilling, especially related to oral argument preparation. But the district court closely analyzed Safelite's overall

billing and its billing related to oral argument preparation. We see no reason to conclude that a 5% reduction for overbilling was an abuse of discretion. *See Nassar v. Jackson*, 779 F.3d 547, 554 (8th Cir. 2015) ("[T]he district court's superior understanding of the litigation cautions against appellate review of minutiae." (internal quotation marks omitted)).

Finally, the DOC challenges the district court's award of attorneys' fees and expenses for travel time between New York and Minneapolis. But "[w]e have long recognized a presumption that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time." *Ludlow v. BNSF Ry. Co.*, 788 F.3d 794, 803-04 (8th Cir. 2015) (internal quotation marks omitted); *see also Craik v. Minn. State Univ. Bd.*, 738 F.2d 348, 350 (8th Cir. 1984) ("Counsel retained by clients who pay on a regular hourly basis customarily charge for travel time, and civil-rights counsel should be no worse off."). When out-of-state counsel have their fees reduced to a local rate, such a rate may be awarded "for all legal work including travel time" when "that is the practice in the relevant market." *See Carhart v. Stenberg*, 11 F. Supp. 2d 1134, 1137 (D. Neb. 1998), *aff'd*, 192 F.3d 1142 (8th Cir. 1999), *aff'd*, 530 U.S. 914 (2000). The DOC "presented no evidence that local attorneys will not bill for travel time or will discount their hourly rates." *Ludlow*, 788 F.3d at 803 (internal quotation marks omitted). The district court did not abuse its discretion in awarding travel fees and expenses to Safelite.

For the foregoing reasons, we affirm the district court's award of attorneys' fees and costs.

_____